# FOURTH DISTRICT, DECEMBER, 1897.

### G. DUVENECK v. ALBERT KUTZER.

#### Delivered December 1, 1897.

**1. Evidence—Consideration of Deed.**

Parol evidence is admissible in an action attacking the validity of a conveyance as against creditors to show that the recited pecuniary consideration was paid by discharging debts of the grantor to third persons.

**2. Deed Not Fraudulent—Existing Debt as Consideration.**

An existing indebtedness of the grantor to the grantee which is canceled by the transaction is a sufficient consideration to support a conveyance as against other creditors of the grantor; and the grantee will be regarded as a bona fide purchaser if the property is not worth more than is reasonably sufficient to satisfy his debt, or if he sees that the excess in value is applied to the payment of the other creditors.

**3. Contract With Minor Released from Disability.**

The indebtedness of a father to his son for services rendered by the son under contract made after he had been released from parental control will support a conveyance from the father to the son in payment thereof, as against creditors of the father.

**4. Charge of Court—Equivalent Expressions.**

The use of the expression "ordinary prudent man," instead of "reasonably prudent man," in stating the standard or measure of facts or circumstances which will charge a grantee with notice of his grantor's intention to defraud his creditors, does not render an instruction reversibly erroneous.

**5. Fraud Against Creditors—Assumption of Debt.**

The reassumption by the grantor of an indebtedness which the grantee assumes as part of the consideration of the conveyance does not render the conveyance fraudulent as against other creditors, where such reassumption was in consideration of the payment by the grantee of a like amount in discharge of another bona fide indebtedness which might have been secured by the conveyance in the first instance.

APPEAL from Val Verde. Tried below before Hon. WALTER GILLIS.

*Tarlton & Jones,* for appellant.—1. Oral evidence was not admissible for the purpose of contradicting or varying the consideration re-

cited in the deed from Reinhold Kutzer to Albert Kutzer. Bank v. Clare, 76 Texas, 47; Bump. on Fraud. Conv., secs. 604, 605, 609; Hildreth v. Sands, 2 Johns. Ch., 35; Hubbard v. Allen, 59 Ala., 297.

2. A mere secret or parol trust to assume debts not recited in deed, or to pay money to creditors not stated therein, can not be shown in lieu of and to contradict a cash consideration recited in deed. Bump. on Fraud. Conv., sec. 605; Pettibone v. Stevens, 38 Am. Dec. 57.

3. A creditor who pays for goods nothing but his debt, is protected, though he knows his purchase will prevent other creditors from getting their debts; but one who pays in his debt and by the assumption of other debts of the seller, is not so highly favored, and actual or constructive notice to him that the debtor intends by the sale to place his property beyond the reach of his creditors, renders the sale fraudulent. Greenlee v. Blum, 59 Texas, 124; Seligson v. Brown, 61 Texas, 180; Lewy v. Fischel, 65 Texas, 311; Blum v. McBride, 69 Texas, 60; Sanger Bros. v. Colbert, 84 Texas, 673.

4. It is undisputed that the sale was on an indefinite credit, and the purchaser knowing the vendor's insolvency, it is fraudulent—this independently of the intent of the parties or the adequacy or inadequacy of the price. Jacobs v. Totty, 76 Texas, 343; Elser v. Graber, 69 Texas, 222; Williams v. Moore, 6 Texas Civ. App., 340.

5. The $1035 claimed to be due defendant for wages was fictitious and fraudulent, and so far as it was for wages earned during minority, was illegal, rendering said conveyance void. The testimony of the parties is entitled to little or no weight, and is earmarked by so many badges of fraud that it is incredible. Brasher v. Jamison, 75 Texas, 139; Krause v. Haas, 6 Texas Civ. App., 665, 671.

6. The deeds to Reinhold Kutzer are marked by a number of badges of fraud sufficient to invalidate it; as relationship between the parties; large debt due to a minor child; no time fixed in the deed or otherwise for the payment of any debt; the deed not made at the solicitation or with the knowledge of any creditor; no debt not secured has been paid since the conveyance, now over one year and a half after the conveyance; reservation of right to revoke and to change and control preference, which was allowed; absence of accounts between father and son relating to the large claim for wages. Bank v. Foster, 74 Texas, 514; Castro v. Illies, 22 Texas, 479; Blum v. McBride, 67 Texas, 60; Yerby v. Martin, 38 S. W. Rep., 541; Bump. on Fraud. Conv., secs. 47, 53, 54, 56, 117, 124, 172, 359, 360; Gibson v. Hill, 23 Texas, 82; Berthlett v. Folsom, 21 Texas, 431; Van Bibber v. Mathis, 52 Texas, 409; Barrett v. Barrett, 31 Texas, 349; 38 S. W. Rep., 1139; Jacobs v. Totty, 76 Texas, 343; Burrill on Ass., secs. 179, 233, 234; Riggs v. Murray, 2 Johns. Ch., 565; Jack v. Fuel Co., 38 S. W. Rep., 1139; Fowler v. Stoneum, 11 Texas, 477; Day v. Stone, 59 Texas, 614; 1 Texas Civ. App., 517.

*George Powell*, for appellee.—1. Oral evidence was admissible to explain the consideration stated in the deeds, nor did such evidence con-

tradict or vary their consideration. Taylor v. Merril, 64 Texas, 469; Hitz v. Nat. Bank, 111 U. S., 725; 1 Greenl. on Ev., secs. 285, 286; 2 Dev. on Deeds, secs. 822, 823.

2. In order to invalidate the sale it must appear that the defendant, at the time he bought and paid for the land, had notice of fraudulent intent on the part of R. and R. J. Kutzer, or that he had a knowledge of facts or circumstances such as would have put an ordinarily prudent man on inquiry, which by the use of proper diligence on his part would have led to a knowledge of such intent. Brotherton v. Weathersby, 73 Texas, 472; Ratto v. Bluestein, 84 Texas, 59.

NEILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant against the appellee to recover certain parcels of land.

The appellant, plaintiff below, alleged in his petition that appellee, defendant below, claims subdivision 14 of original lot No. 2 in the town of Boerne under a deed from Reinhard J. Kutzer, and subdivisions 11, 13, and 15 on James Street, in Boerne, a part of original lot No. 3, of survey No. 180, through a deed from Reinhold Kutzer, which deeds are described in our conclusions of fact. That when said deeds were executed plaintiff was a creditor of the several grantors, who were then insolvent and without property subject to execution save the lands by them conveyed by defendant; that their insolvency was known to defendant, and that said deeds were made by the grantors therein for the purpose of hindering, delaying, and defrauding their creditors. That after said deeds were executed plaintiff sued Reinhard J. Kutzer and Reinhold Kutzer on his several demands against them, attached the property, obtained judgments against them foreclosing his attachment liens, had the property sold under process issued on his judgments, and bought it in under execution, receiving deeds of the sheriff thereto. Plaintiff asked judgment canceling the alleged fraudulent deeds and for restitution of the premises.

The defendant answered by a general demurrer, and a plea of not guilty.

The case was tried by jury and a verdict returned for defendant, upon which the judgment appealed from was entered.

*Conclusions of Fact.*—On March 21, 1895, Reinhard J. Kutzer, as principal, and Reinhold Kutzer, as surety, made their promissory note to appellant, G. Duveneck, for $500, payable twelve months after date, with interest at the rate of 9 per cent per annum. This note was given in lieu of an older note for money borrowed three years before, which was two years past due when this one was executed. The appellant sued on the note, and, on April 21, 1896, recovered judgment thereon against the makers in the District Court of Kendall County. On June 10, 1896, execution was issued on the judgment and levied upon the lands in controversy, subdivision 14 of original lot No. 2, as the property of Reinhold

Kutzer, and subdivision 10 and 12 in original lot No. 2, and subdivisions 11, 13, and 15 of original lot No. 3, survey 180, as the property of Reinhard J. Kutzer. By virtue of said execution and levy the property was sold by the sheriff of Kendall County, and was bid in by the appellant on the first Tuesday in July, 1896. The deeds of the sheriff bear date July 7, 1896. They were duly acknowledged on September 5, 1896, and filed for record two days after.

On December 12, 1895, Reinhard J. Kutzer conveyed, by his deed of that date, to his nephew, Albert Kutzer, subdivision 14 of original lot No. 2 in the town of Boerne. The deed recites a consideration of $825 cash, and it was duly filed for record on December 14, 1895, and recorded on February 25, 1896. The grantor had no other property after he made this deed, except his homestead and exempt personal property. This conveyance left him insolvent.

On December 10, 1895, Reinhold Kutzer conveyed to his son Albert, the appellee, subdivisions 10 and 12 of original lot No. 2, in the town of Boerne, and subdivisions 11, 13, and 15 on James Street in said town. The deed recites a cash consideration of $2500. This instrument was filed for record on December 14, 1895, and duly recorded on February 28, 1896. On December 30, 1895, Reinhold Kutzer conveyed another tract of about fifteen acres, situated in Boerne, to his son Otto, who is younger than Albert. This deed recites a consideration of $500 cash. These two deeds divested the grantor of all his property, real and personal, except his exemptions and homestead. Therefore, from the dates of the deeds to the time this cause was tried, he has been insolvent.

In June, 1895, Reinhold Kutzer was indebted to the appellee in the sum of $1035. The origin and nature of this debt will hereinafter be fully stated. At the same time he was indebted as follows: To Otto Rush, $200; to Mrs. Pfeiffer, $200; to Anton Koch, $100; to Ed Muertz, $100; to John Heine, $100; to Walter Tips, $550; and to John Sipple, $250. Reinhard J. Kutzer then owed the Alamo National Bank a note made by him as principal, and by Reinhold Kutzer as surety, to the Fifth National Bank of San Antonio, Texas, for $825. At that time, the appellee being desirous of purchasing from his father and uncle the property in controversy, it was agreed that appellee should have the property in consideration of the cancellation of the debt due him from his father, provided that he would assume and satisfactorily arrange with the creditors the payment of the other indebtedness stated above. The appellee having, in pursuance to the understanding assumed the payment of said indebtedness and made satisfactory arrangements with all the creditors except John Sipple for the payment of said debts and canceled the debt due by his father, the deeds to the property were afterwards, on their dates, executed in consideration thereof, there being no money paid.

The reason why appellee made no arrangement with Sipple for the payment of his debt is that Sipple was not in the country and could not be seen. But, as is stated, appellee assumed its payment.

Now as to the debt of $1035, owed appellee by his father and canceled in the transaction: On October 8, 1889, the appellee was 18 years old and released by his father from his control, and being then about to leave home to work for himself, his father promised to board, clothe, and pay him $15 per month, if he would stay at home and work for him. This appellee assented to, and remained with and worked for his father under the agreement until June, 1895, thereby earning wages at the rate agreed upon for sixty-nine months, amounting in the aggregate to $1035.

The debts due the other parties were assumed and payments made or arranged in the following manner:

The debts Reinhold Kutzer owed Rush, Pfeffer, Koch, Muertz, and Heine were settled by appellee giving his notes in lieu of his father's to the several parties for the respective amounts due them. This settlement was perfectly satisfactory to each of said creditors. The debt to Walter Tips was paid off entirely and fully discharged by appellee. The note due by Reinhard J. Kutzer to the Alamo National Bank was also paid and discharged by him.

In January, 1896, appellee not having seen John Sipple, he being out of the country, in reference to the debt he had promised his father to assume, appellee, at the request of his father, for the purpose of enabling him to pay a debt he was due to the Fifth National Bank of San Antonio, borrowed $200 and paid it to his father, and let him have a wheat separator worth $60 or $70, in consideration of which, appellee's father reassumed the Sipple debt, and with the money received from appellee, together with $75 more, paid his debt to Fifth National Bank, which debt he owed when he sold the premises in controversy to appellee.

When Reinhold Kutzer sold the premises in controversy to this appellee, the debts assumed by his son were all he owed except the one to the Fifth National Bank, above mentioned, and the one to appellant, for which he was surety, which was not due when the sale was made. The appellee knew nothing of the debts owed by his father and uncle, except the ones assumed by him, when he purchased the property in controversy. And he made the purchase in good faith, without knowledge of the fact (if it be a fact) that the conveyances were made to defraud the grantor's creditors, or of any fact that would put him on inquiry as whether the conveyances were made for that purpose.

The lands in controversy were not worth exceeding the sums expressed in the considerations in the respective deeds by which they were conveyed to the appellee.

*Conclusions of Law.*—All the evidence introduced by the appellee to show how the consideration for the land was actually paid, was objected to by the appellant upon the ground that the vendee could not contradict, vary, or alter the considerations expressed in his deeds. The action of the court in overruling the exceptions and admitting the testimony is assigned as error. When an instrument is assailed by creditors, the

amount and character of the consideration becomes material; and in such controversies the rule seems to be that no evidence is admissible in favor of the grantee which contradicts or changes the character of the deed. Bump. on Fraud. Conv., sec. 604. When the deed expresses a monetary consideration, the grantee will not be permitted to show that the consideration was a marriage contract (Betts v. Bank, 1 Har. & Gill, 175); or when he claims through a voluntary conveyance, he will not be heard to set up a different pecuniary consideration. Hildreth v. Sands, 2 Johns. Ch., 35; Bean v. Smith, 2 Mason, 290; Hubbard v. Allen, 59 Ala., 297. But so far as we know, it has never been held, when it expresses a pecuniary consideration, that it can not be shown, as is contended by appellant in this case, how such consideration was actually paid. The testimony complained of did not vary the consideration recited in the deed, or change the nature of the contract between the parties, but was proof of the character of the consideration expressed, and of the manner of its payment. Therefore the court did not err in overruling appellant's objections to its admission.

It is well settled that a sale for a fair price to one who agrees to pay the consideration upon certain specified debts of the vendor is not fraudulent against the latter's creditors. Sweeney v. Conly, 71 Texas, 543; Bank v. Clare, 76 Texas, 47. A pre-existing indebtedness of the grantor to the grantee which is canceled by the transaction is a sufficient consideration to support a purchase of real estate, and the person so purchasing will be regarded as a bona fide purchaser, provided the property is not worth more than is reasonably sufficient to satisfy his debt, or, if it exceeds in value the amount of the debt, he sees that the excess is applied to the payment of other creditors. Elser v. Graber, 69 Texas, 222; Ellis v. Valentine, 65 Texas, 549. But it is contended by appellant that the $1035 debt which was taken as part of the consideration was, in so much as earned during appellee's minority, fictitious and fraudulent. When a child is released from the parental control he becomes entitled to his time and earnings, and to property purchased with his earnings, free from any claim of his parent, or his parent's creditors. Schuster v. Bauman, 79 Texas, 183; Farr v. McKnight, 6 Texas Civ. App., 584; Tiff. on Persons and Dom. Rel., sec. 127. Not only may a parent emancipate his child, so as to entitle it to receive its earnings from third persons, but it has been held that emancipation may be implied even when the minor resides at home and works for his father, from a promise on the part of the father to pay him for his services during minority, so that the minor may maintain an action against the father for his services. Id., p. 260; Wood on Mast. and Serv., sec. 25. Therefore, the facts showing that appellee was released from parental control when he was 18 years old, and that he earned the amount by laboring under contract with his father afterwards, the debt was valid and he had as much right to take property from his father in payment of it as any other bona fide creditor has to take property from his debtor in settlement of the debt.

The court, in the third paragraph of its charge instructed the jury that

should they find from the evidence that R. J. and R. Kutzer made the conveyances to appellee with the intent to hinder, delay, or defraud their creditors, yet, if appellee paid a valuable consideration for the land, such intent on the part of the grantors would not alone make the sale void. In order to invalidate the deeds, it must appear from the evidence that appellee, at the time he bought and paid for the land, had notice of such intent on the part of his grantors, or had knowledge of such facts or circumstances as would put an ordinarily prudent man on inquiry, which by proper diligence on his part would have led to a knowledge of such fraudulent intent. This part of the charge is assigned as error, upon the ground that "the standard or measure of fact or circumstances is not such fact or circumstances as would put an ordinarily prudent man on inquiry, but such as would put a reasonably prudent person upon inquiry, and the court stopped short of saying that a failure to make such inquiry would have charged appellee with a notice of such fraud, if, by the use of such diligence, it might have been discovered." While it would perhaps have been more accurate to have used the words "reasonably prudent person," instead of "ordinarily prudent person," where they appear in the charge, yet we think it would in this particular case be trifling with law and justice and reverse the judgment because "reasonably" was not used instead of "ordinarily." The law does not impose upon the vendee the duty of exercising any diligence unless and until he has knowledge of some fact or circumstance sufficient to put a reasonably prudent person upon inquiry; for in the absence of such knowledge, he has the right to assume good faith on the part of the vendor. Railway v. Shirley, 89 Texas, 95. No fact or circumstance is pointed out or disclosed by the record which would in the least indicate a fraudulent purpose in the grantors in making the deeds sought to be avoided. And in the absence of such fact or circumstance, a reasonably prudent person, or any other kind of person, could not have been put upon inquiry. In view of this, the supposed verbal inaccuracy in the charge could not have injured the appellant. If the transactions between appellee and his vendors were not in their inception and consummation known by appellee, from his participation in them, to be fraudulent, they must be held to be bona fide. When a debtor sells his proprty for the purpose of satisfying debts in amount equal to its value, and from the transaction itself, his vendee knows such to be his purpose and carries out that purpose by paying such debts such a sale can not be fraudulent. If the court in the part of the charge complained of, "stopped short in saying that a failure to make such inquiry would have charged appellee with notice of fraud, if the jury believed that by the use of such diligence it might have been discovered," the appellant should, by a special charge, have asked the court to go on and measure to him the full length of the law. We believe, however, it was fully meted out to him.

The eighth paragraph of the charge is as follows: "The law allows an insolvent debtor to prefer his creditors in his discretion, and a sale by an insolvent debtor to a creditor of property sufficient to pay his debt to such

creditor would be valid, even though the creditor knew at the time he took the property of the intent of the grantor to prefer him and place the proprety out of reach of other creditors; and in addition to his son, if you find his son was a creditor, R. Kutzer had a right to prefer other creditors, and if you find from the evidence that he did convey to his son the property in controversy in consideration of the payment by A. Kutzer of debts due him to his preferred creditors, and that the price paid by A. Kutzer was a fair and reasonable price for the lands conveyed, then find for the defendant, and so say by your verdict." The following objections are made by appellant to this paragraph: (1) "It assumes Albert Kutzer was a creditor of R. Kutzer, and that the latter had other creditors for whose benefit he conveyed his proprety to appellee, thereby charging on the weight of the evidence and invading the province of the jury." (2) "It peremptorily instructed the jury, if the transfer to Albert Kutzer was made for the purpose of preferring creditors, himself and others, and was for a fair and reasonable price, to return a verdict for him, thereby assuming good faith, on the part of appellee in said conveyance to him, and withdrew from the jury all questions of the effect upon the transaction of an intention on the part of the purchaser of aiding the debtor in hindering, delaying, and defrauding his creditors, and of the effect upon said purchaser of notice, actual and constructive, by the grantee of the grantors' fraudulent intent." In regard to the first objection, the charge does not assume that appellee was a creditor of R. Kutzer, but it leaves it to the jury to determine from the evidence whether he was a creditor. The evidence is undisputed which shows R. Kutzer had other creditors, and from this the court had the right to assume it in the charge as a fact proven. It however does not assume that the conveyance was made for the benefit of such creditors, but leaves it to the jury to determine from the evidence whether the conveyance was made for their benefit. In regard to the second objection, we have to say that when the part of the charge complained of is read and construed in connection with the entire charge, the objection amounts to nothing. Nor do we think there is any merit in the assignment which complains because the charge placed the burden upon the appellant of proving that the conveyances were fraudulent. This is the burden the law imposed on him, and it could not be error for the court to so inform the jury.

That the appellee could not see and arrange with John Sipple for the payment of his grantor's debt to him, his father having reassumed the debt in consideration of appellee's letting him have money and property sufficient to pay another debt existing when the deed was made, equal in amount to the one owed Sipple, and such debt having been paid with the money and proceeds of the property, does not vitiate the sale. No debtor was defrauded, for the one actually paid with the proceeds of the sale was as valid as the one due Sipple, and while Sipple might perhaps complain that his debt was not paid by appellee in accordance with his agreement with the grantor, appellant can not; for it can make no difference with him whether Sipple or the bank was paid, for they were both creditors of

equal standing with the grantor, and the payment of either could not be in fraud of creditors.

There is, in our opinion, no error complained of which requires a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error denied.