## FRANK D'ARRIGO ET AL. V. TEXAS PRODUCE COMPANY.

Delivered January 8, 1898.

1.  **Assignment of Error.**

That the court "erred in not sustaining the defendant's first and second special exceptions, as per bill of exceptions number 1," is an assignment that will not be con-sidered on appeal, where appellant's brief contains no statement of the pleadings of the appellee to which such exceptions were addressed.

2.  **Same—Grouping Errors.**

Assignments of error referring to different clauses of the charge, having reference to different phases of the evidence, will not be considered on appeal, where they are grouped together in appellant's brief and submitted as a "proposition within them-selves."

3.  **Evidence—Fraudulent Intent.**

Evidence that an alleged fraudulent vendor of goods to defendant stated to one who represented plaintiff, that he was not indebted to any person except plaintiff, is admissible against defendant, although he was not present, for the purpose of show-

ing whether there was a fraudulent intent on the part of the vendor in making his conveyance.

**4. Same—Contradicting Witness.**

Evidence that defendant, an alleged fraudulent vendor of goods, stated to one of plaintiff's firm, the morning after the sale, that he could not help making the sale, and that he had forgotten his debts to plaintiff, is admissible to contradict him as a witness, where he testified that the indebtedness in consideration of which he made the sale was a genuine one.

**5. Charge of Court—Limiting Evidence—Special Request.**

The court, after verbally limiting the purpose for which certain testimony is admitted, is not required to repeat the limitation in its written instructions, if no request therefor is made.

**6. Practice in Trial Court—Oath of Special Judge.**

A record which shows that "the oath prescribed by law was duly administered" to the special judge presiding, sufficiently shows that he took the constitutional oath of office.

APPEAL from Bowie. Tried below before Hon. H. C. HYNSON, Special Judge.

*R. D. Hart* and *W. H. Tilson*, for appellant.

*Hudgins & Estes*, for appellee.

TARLTON, CHIEF JUSTICE.—On January 11, 1893, S. Stati, a merchant, sold his stock of goods to his nephew, Frank D'Arrigo. On January 12, 1893, the appellee, Texas Produce Company, a creditor of Stati in the sum of $915.28, sued the latter, causing the levy of a writ of attachment upon the merchandise purchased by D'Arrigo and in his possession. On January 14, 1893, the appellant filed his claimant's oath and bond, claiming title to the property. This appeal is from a verdict and judgment in favor of the appellee on a trial involving the right of property in the merchandise in question.

The issues tendered by the appellee were that the transfer from Stati to the appellant was made for the purpose of hindering, delaying, and defrauding the creditors of Stati, including the plaintiff, in the collection of their debts; that this purpose was known to the claimant; that the alleged indebtedness by Stati to D'Arrigo, in cancellation of which the transfer to the latter was made, was fictitious, or that, if not fictitious, the claimant was estopped from asserting the indebtedness against the plaintiff, on account of an assurance given by D'Arrigo to the plaintiff that Stati was in no way indebted to the claimant, on the faith of which the plaintiff extended credit to Stati.

The verdict of the jury establishes the truth of one or all of the charges contained in the plaintiff's tender of issues; and as the testimony supports the verdict, we find accordingly.

*Conclusions of Law.*—1. We decline to consider the appellants' first assignment of error, that "the court erred in not sustaining the defendants' first and second special exceptions, as per bill of exceptions number

1." The appellants' brief contains no statement of the pleadings of the appellee to which these exceptions are addressed. On the contrary, it complains of the insufficiency of the evidence introduced by the appellee to sustain the plea of estoppel. To consider the assignment would be to violate (in this instance, in the face of objection) the rules prescribing the method for the presentation of questions in this court.

2. J. W. Harris, a witness for the plaintiff, was permitted to testify, over the objection of the defendant, that on divers times during the fall of 1892, before the sale of the goods in controversy by S. Stati to defendant, Stati declared to the witness, representing the plaintiff, that he was not indebted to any person whomsoever, except the plaintiff; that the defendant D'Arrigo was not present at any time when this statement was made.

The court correctly admitted this evidence, in the light of the explanation appended to the bill, to the effect that it was admitted to show fraudulent representations by Stati to the plaintiff in procuring credit, and that the jury were instructed by the court at the time that the testimony would be considered by them only for the purpose of investigating as to whether there was a fraudulent intent on the part of Stati in making his conveyance to D'Arrigo, and that it was not to be considered as affecting D'Arrigo's title, unless the evidence further showed knowledge on the part of D'Arrigo of Stati's fraudulent intent, if any, and participation by the former in such intent.

3. The vendor Stati testified as a witness for the claimant that the indebtedness in consideration of which he transferred the merchandise to D'Arrigo was a genuine indebtedness. For the purpose of contradicting and impeaching him, after proper predicate laid, the plaintiff, over the objection of the appellant, was permitted to prove by a witness, J. W. Harris, one of the plaintiff's firm, that in company with W. T. Hudgins the witness called at the residence of Stati very early in the morning, before breakfast, on the day after the sale of the goods by Stati to the defendant; that Stati was sitting up, with his head bound up, and that the witness asked Stati why he had sold out to the defendant D'Arrigo, to which the reply was that he could not help it; that the witness then asked Stati why he had not told him of the debt or claim of the defendant D'Arrigo, and that Stati said he had forgotten it; that some other questions were asked him, when he broke down and commenced crying.

The ground of objection to this testimony was that D'Arrigo was not present, and could not be bound by these statements. This objection would have been tenable had the testimony been introduced as original evidence. D'Arrigo v. Produce Co., 31 S. W. Rep., 713. The court, however, did not so admit it, but under his instructions at the time given to the jury, it was permitted to go to them, the proper predicate having been laid, for the sole purpose of contradicting the witness Stati, and as affecting his credibility, and not to be considered by the jury as af-

fecting D'Arrigo's title to the goods. Thus qualified, we think the testimony was properly admitted.

4. The fourth, fifth, sixth, and seventh assignments of error are grouped in the appellants' brief, and presented to this court in the following language: "We submit the fourth, fifth, sixth, and seventh assignments of error as a proposition within themselves, which are as follows."

Each of these assignments refers to a different clause of the court's charge, having reference to different phases of the evidence, and some of the assignments contain several propositions, and include subject matter in no sense germane. No statement whatever is appended to the assignments, nor is any proposition thus appended, apart from the diverse propositions contained in the assignments themselves.

We are not prepared to ignore the rules prescribed for the proper presentation of questions in this court, and not being thus prepared, we feel constrained to heed the objection urged to these assignments, and to abstain from considering them. Rules for the Court of Civil Appeals, 29, 32; May v. Railway, 83 Texas, 504.

5. The court had distinctly, though verbally, limited the purpose for which the testimony of J. W. Harris heretofore set out was admitted. It was not required to repeat the limitation in its written instructions, especially in the absence of a request to that effect.

6. The evidence introduced by the plaintiff was sufficient to support the verdict and judgment, to the effect that the transfer by Stati to his nephew D'Arrigo was, within the knowledge and participancy of the latter, in fraud of creditors.

7. The record affirmatively shows the written agreement of the parties to try the case before the Hon. H. C. Hynson, special judge. It also thus shows that the oath prescribed by law was duly administered to him. The oath prescribed by law includes the oath prescribed by the Constitution. We overrule the eleventh and final assignment of error, asserting a contrary contention.

The judgment is in all things affirmed.

*Affirmed.*