## A. GRANRUD v. OSCAR J. REA.

Decided October 20, 1900.

**1. Fraud—Presumption of—Erroneous Charge.**

A charge that "fraud can not be presumed, but must be proved to the satisfaction of the jury by competent evidence," is erroneous, since fraud may be presumed, and such charge requires a higher degree of certainty in the evidence than is required by law.

**2. Minor—Emancipation—Charge.**

Where a minor daughter had intervened in a creditor's suit against her father, asserting a lien on the property (farm products) in controversy on the ground that she had hired to her father as a farm hand in making the crop, and had duly filed her account for services under the statute, it was error for the court to charge that as she was a minor at the time she so hired to her father, she could not recover, since, if the father had emancipated her, she had the right to contract with him, and the fact that he contracted with her for services was evidence tending to establish, as against him, her right to do so.

APPEAL from the County Court of Bosque. Tried below before Hon. H. C. COOKE.

N. R. Morgan and J. L. Scott, for appellant.

William M. Knight and H. S. Dillard, for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought in the County Court by Rea against A. Granrud to recover judgment on a note for $225, and to foreclose a chattel mortgage on certain live stock and crops raised by A. Granrud on a certain farm in the year 1899. Granrud pleaded that the mortgage and note were written with a pen in English, and that he could not read such written English, he being a Norwegian, and that he was induced by Rea to sign the same by false representations.

Anna Granrud, aged 18 years, and Tomine Granrud, age 21 years, daughters of A. Granrud, intervened, claiming a prior lien on the crop mortgaged upon the ground that they had been hired by their father as farm hands to labor on his farm and to aid him in making said crop, Anna from April 1st, Tomine from May 1st to November 30, 1899, at $15 per month, payable at the end of November, 1899. They each on December 26, 1899, prepared her duplicate account for such services and swore to them as correct, delivering one copy to A. Granrud and filing the other with the clerk of the county court as required by article 3339b, Sayles' Civil Statutes, but did not prepare and deliver and file same monthly as seems to be required by that and the succeeding article.

On the trial the court charged the jury, among other things, that "Fraud can not be presumed, but must be proven to the satisfaction of the jury by competent evidence." The charge is erroneous in two particulars: (1) The jury should never be charged that fraud can never be presumed, because it can be presumed by the jury from facts and circumstances proved, and often the only way of establishing it is to presume its existence from other facts and circumstances proved to exist. Sparks v. Dawson, 47 Texas, 144; Heiligmann v. Rose, 81 Texas, 222; Wylie v. Posey, 71 Texas, 40; Rohrbough v. Leopold, 68 Texas, 260; Weaver v. Ashcroft, 50 Texas, 443. (2) It required a higher degree of certainty in the evidence than the law requires. Moore v. Stone, 36 S. W. Rep., 909, and authorities there cited; Rider v. Hunt, 6 Texas Civ. App., 238.

The interveners have also appealed, and in Miss Anna's case the court charged the jury, as the uncontradicted evidence showed that she was a minor at the time she hired to her father, to find against her. This peremptory charge was error, because if her father had emancipated her, she had the right to contract her services to him, and the fact that he contracted with her for them was evidence tending to establish, as against him, her right to do so. Washington v. Washington, 31 S. W. Rep., 88.

In Miss Tomine's case the court instructed the jury, in effect, that

as the hiring was by the month she could only recover for the month of November, inasmuch as her duplicate claim was delivered to her father and filed in the county clerk's office on December 26, 1899. This charge indicates that the court, in construing articles 3339b and 3339c, was of the opinion that a duplicate account should be made, sworn to, delivered to the employer, and filed within thirty days from the end of each month of service, where the service is by the agreement to be performed by the month as in this case, and while we make no decision on the point, we are inclined to think that his honor gave these articles the proper construction.

For the error pointed out in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*