**SMITH et al. v. RICKERTS et al.**

No. 3503.

Court of Civil Appeals of Texas. Amarillo.
Feb. 18, 1931.

Rehearing Denied April 15, 1931.

Will Crow, of Canadian, for appellants.

Hoover, Hoover & Cussen, Edward C. Fisher, and W. D. Fisher, all of Canadian, and Sanders & Scott, of Amarillo, for appellees.

JACKSON, J.

Mary Smith, a widow, for herself and as next friend for the minor plaintiffs, Willie Fields, Ethel Fields, and Ida May Fields, instituted this suit in the district court of Hemphill county, Tex., against Raymond Franklin Fields, Lillian Ruth Fields, and William Clayton Fields, minors, and S. E. Allison as guardian of the minor plaintiffs and minor defendants, to recover title and possession to an undivided three-fourths interest in the north half of section 244, block C, situated in Hemphill county, Tex.

The plaintiffs made numerous other parties defendants in the suit, but no complaint is made of the action of the court in disposing of the rights of such other defendants, and it is unnecessary to make any detailed statement of the pleadings relative to such other defendants.

The plaintiffs, in addition to a formal action in trespass to try title, alleged that the land in controversy was incapable of partition among the owners thereof, asked that a receiver be appointed, the land sold, and three-fourths of the proceeds of the sale be awarded to them in proportion to their respective interests, and that one-fourth of the proceeds of the sale be awarded to such of the defendants as were entitled thereto in proportion to their respective interests.

The plaintiffs set out in full the facts upon which they rely to show that they had acquired title by inheritance to an undivided three-fourths interest in the land and the facts which they contend limit the defendants to their respective rights in the remainder of said land.

The minor defendants, Raymond Franklin Fields, Lillian Ruth Fields, and William Clayton Fields, by their next friend, Ernest Parcell, answered by general denial and pleaded the facts upon which they base their claim by inheritance to an undivided $\frac{16440}{30240}$ interest in the land involved in this suit.

The case was submitted to the court without the intervention of a jury and judgment rendered decreeing that the minor plaintiffs were each entitled to $\frac{2901}{30240}$ undivided interest, that the minor defendants were each entitled to $\frac{5480}{30240}$ undivided interest, and that Mary Smith was entitled to $\frac{1701}{30240}$ undivided interest in the land.

The title to the remainder of the land was decreed to be in the other parties to this suit, and the rights of each of such other parties were disposed of by the judgment of the court, and no complaint is made of the action of the court in disposing of the rights of such other parties.

A receiver was appointed, the land ordered sold, and the proceeds awarded to the minor plaintiffs and minor defendants and Mary Smith in conformity to their respective interests as determined by the court, and from this action of the court the plaintiffs below, hereinafter called appellants, have prosecuted this appeal.

The findings of fact filed by the trial court necessary to a disposition of this appeal are, in substance: That all the parties to the suit agreed, and the court found, that the land in controversy is incapable of partition. That the appointment of a receiver was necessary, and that the land be sold and the proceeds thereof be divided among the heirs and owners, according to the respective interests as determined by the court. That S. E. Allison is the legal guardian of the estate of the minor plaintiffs and minor defendants.

That William S. Fields died intestate about October 18, 1923, at his residence in the state of Oklahoma. That he left surviving him as heirs at law Mrs. Minnie Rickerts, Lindsey Fields, a single man, James Fields, a single man, and Clayton Fields, all of whom were his children by his first wife, Mary L. Fields, who died in 1904 at their home in the state of Missouri. That he also left surviving him as heirs at law his second wife, Emma Vincent Fields, and his children by her, who are the minor plaintiffs herein. That the plaintiff Mary Smith was the daughter of Emma Vincent Fields by a former marriage.

That about May 14, 1908, William S. Fields and his minor son Clayton Fields, who was then about sixteen years of age, entered into a parol contract whereby it was agreed that the father would purchase the land in controversy, take title thereto in his own name and hold it for himself and his minor son Clayton Fields, each to have and own a one-half interest therein under the terms and conditions of said parol agreement. That by said contract William S. Fields obligated himself to furnish the necessary farming implements and the necessary stock with which to stock the premises, and Clayton Fields obligated himself to take possession of and reside on the land, fence it, and make other valuable improvements thereon, put it in cultivation, farm it, harvest the crops and pasture, attend to and care for the stock furnished. It was agreed that, after the payment of the necessary expenses, all money derived from the operation of the farming and stock-raising business on such land should be turned over to William S. Fields and the purchase money for the lands paid out of such moneys. That, for the labor and services of Clayton Fields, he should have and own an undivided one-half interest when he had improved it according to his contract and the purchase money therefor had been paid out of the moneys earned by him.

That, in pursuance to such parol contract, William S. Fields purchased and had conveyed to him, in his name, by warranty deed dated May 14, 1908, the land involved in this controversy. That the purchase price therefor was $2,400, $800 of which was paid in cash and the balance evidenced by five equal promissory notes, payable annually and secured by a lien against the land. That the cash payment was made out of the community estate of William S. Fields and his second wife, Emma Vincent Fields. That neither William S. Fields nor his second wife ever lived upon, occupied, claimed, or used said land as a homestead, and never resided in the state of Texas. That shortly after the purchase of the land and the receipt of the deed therefor from the grantor Clayton Fields came to Texas, took possession of the land, operated the farming and live stock business thereon, and occupied said land continuously until the year 1921. That Clayton Fields made improvements upon the land, and performed the services according to the parol agreement in good

faith, paid some of the taxes after he became of age, delivered the funds accumulated by such operations to his father, who discharged therewith the deferred payments evidenced by the notes given to the grantor as part payment for the land. That the father was also reimbursed out of the moneys earned from the operations of said farm and stock business, the $800 originally paid by him as the cash consideration in the purchase of the land. That about September 16, 1913, while Clayton Fields was still residing upon and in possession of the land, the vendor's lien notes therefor, having been paid out of the moneys earned as aforesaid, were released.

That William S. Fields always recognized and admitted that Clayton Fields was the owner of a one-half interest in the land, and would have executed a deed therefor but for the objection of his second wife, who threatened to leave him if he conveyed an undivided one-half interest in the land to Clayton Fields.

That Clayton Fields married and resided on said premises with his wife about two and one-half years before 1921, at which time they moved from Texas to Missouri on account of the health of Mrs. Clayton Fields. That the minor defendants were the children of Clayton Fields and his wife, Mrs. Clayton Fields. That Clayton Fields at all times claimed and asserted that he owned a one-half undivided interest in the land, and that both Clayton Fields and his father performed all the terms and conditions of the parol contract under the terms of which Clayton Fields was to receive a one-half undivided interest in the land. That Emma Vincent Fields died at her home in the state of Oklahoma about the 29th day of June, 1926. That Clayton Fields died intestate on or about the 25th of September, 1925. That Mrs. Minnie Rickerts had sold her interest in the estate, and filed a pleading disclaiming all right, title, and interest therein. That Mrs. Clayton Fields, the surviving wife of Clayton Fields, deceased, also filed a disclaimer of any right, title, or interest in and to said lands or any part thereof.

That the parol contract or agreement between William S. Fields and his son Clayton Fields was a valid and enforceable contract. That William S. Fields emancipated his minor son Clayton Fields, who thereby was authorized to transact business for himself and became entitled to have, earn, and own a one-half undivided interest in the land which he acquired and paid for under the terms of the parol agreement with which he complied, all of which was recognized by William S. Fields.

The facts found by the trial court upon which he disposed of the interests of the parties about which no complaint is made it is unnecessary to set out.

The appellants by numerous assignments challenge as error the action of the trial court in overruling their exceptions to the sufficiency of the pleadings of the minor defendants and the sufficiency of the evidence to establish a parol contract of sale between William S. Fields and Clayton Fields.

The appellants' assignments directed at the action of the court in overruling their exceptions to the allegations in the answer of the minor defendants relative to the parol contract between William S. Fields and Clayton Fields cannot be sustained. Such exceptions were but general demurrers, and, in our opinion, the allegations in the answer were sufficient, but, in any event, any defect in the pleadings of the minor defendants were supplied by the allegations of the plaintiffs in their pleadings.

 The appellants challenge as error the action of the trial court in permitting, over their objections, the witness Mrs. Minnie Rickerts to testify as to the parol contract and transactions between William S. Fields and his son Clayton Fields, by the terms of which the minor defendants claimed a one-half undivided interest in the land in controversy, because said witness was a party defendant, interested in the subject-matter of the controversy, and was inhibited from testifying to such contract and transactions by article 3716, R. C. S.

The record discloses that Mrs. Minnie Rickerts had, long prior to the institution of the suit, sold and conveyed all of her undivided interest in and to the land in controversy, and that she disclaimed any interest therein. She deeded her undivided interest in and to the land to her grantee, and warranted title to said undivided interest to said grantee. However, she did not convey any specific interest. Neither did the deed recite that she owned any certain interest. The uncontroverted testimony is to the effect that she deeded only the undivided interest that she inherited, whatever such interest might be. The evidence also shows that, if the parol contract between William S. Fields and Clayton Fields was invalid, her interest would have been greater than if such contract were upheld, and her testimony was therefore against interests if for any reason, after her conveyance and disclaimer, she could have asserted any rights in the estate. Under these conditions, her testimony was not inhibited by the statute. Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; L. Gurley v. Hanrick's Heirs (Tex. Civ. App.) 139 S. W. 721. The testimony of this witness and other facts and circumstances in the record, to the admission of which no objection is made, were sufficient to authorize the finding of the court that the oral contract and sale from William S. Fields to Clayton Fields was valid.

■ Appellants' assignments presenting ˙as error the action of the court in admitting the testimony of certain other witnesses named relative to the parol contract between William S. Fields ˙and his son Clayton Fields become immaterial, because, if the testimony objected to was inadmissible, the case having been tried before the court, the presumption is that he gave no consideration to such testimony.

■ The appellants' assignments alleging as error the action of the trial court in · excluding the testimony of the plaintiff Mary Smith relative to the parol contract and transactions between William S. Fields and Clayton Fields are not tenable, because she was a party to the suit, interested in the subject-matter as an heir and recovered judgment, and was therefore inhibited from testifying under article 3716.

The testimony in the record, in our opinion, is sufficient to warrant the finding of the court, not only that the contract of sale and transactions between William S. Fields and Clayton Fields were valid, but also that Clayton Fields was emancipated by his father and authorized to transact business for himself and to acquire the equitable title to a one-half undivided interest in the land.

Chief Justice Phillips, in Hooks et al. v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 1116, 15 A. L. R. 216, says: "From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced."

After discussing the elements necessary to constitute a valid parol contract of sale, he says: "Where there is payment of the consideration, the surrender of possession and the making of valuable and permanent improvements on the faith of the purchase with the owner's knowledge or consent, there is created an estoppel against him and it may fairly be said that a fraud upon the pur-. chaser would result if the owner were permitted to repudiate the contract."

■■ The court, upon sufficient testimony, found that Clayton Fields paid the considera-

tion for a one-half interest in the land by his services, that he took possession of the land, and that he made valuable and permanent improvements thereon with the knowledge and consent of his father, thus bringing the parol contract within the principles announced by Chief Justice Phillips.

William S. Fields, the holder of the legal title, if he had been living, would have been estopped under this record from denying the equitable title of Clayton Fields to a one-half undivided interest in the land, and his heirs are in no better position than he would have been if living. Smalley et al. v. Paine et al., 62 Tex. Civ. App. 52, 130 S. W. 739.

Prior to the purchase and conveyance thereof to William S. Fields in his own name, the parol contract was made, by the terms of which Clayton Fields agreed to pay the purchase money for an undivided one-half interest therein by his services. The record in this case discloses that, out of the earnings derived from the labor and services of Clayton Fields after he had been emancipated, the purchase money, not only for his one-half undivided interest, but for the entire tract, was paid.

■■ That a son, emancipated by his father, is entitled to transact business for himself, and to the money he earns and the property he acquires, is well settled. Schuster v. Jewelry Co., 79 Tex. 183, 15 S. W. 259, 23 Am. St. Rep. 327; Washington v. Washington et al. (Tex. Civ. App.) 31 S. W. 88; Duveneck v. Kutzer, 17 Tex. Civ. App. 577, 43 S. W. 541; Granrud et al. v. Rea, 24 Tex. Civ. App. 299, 59 S. W. 841; Turner v. Brown (Tex. Civ. App.) 200 S. W. 1161.

■ Whether a child has been emancipated by his father is a question of fact for the court or jury where the evidence on the issue is conflicting, but, if the facts are undisputed, it is a question of law. 46 C. J. 1346, § 201.

The facts and circumstances in this record showing that William S. Fields had emancipated his son Clayton Fields are uncontroverted, and the holding of the trial court that the son had been emancipated is correct.

In view of this record and the authorities cited, it is our opinion that the parol contract by which Clayton Fields acquired the equitable title to a one-half undivided interest in the land is not void because of the statute of frauds. There being no reversible error presented, the judgment of the trial court is affirmed.