*Judgment will be entered under Rule 50.*

ED KASCH AND THEODORA KASCH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48293. Promulgated January 21, 1932.

*R. E. McKie, Esq.*, for the petitioners.
*Harold Allen, Esq.*, for the respondent.

288

OPINION.

LOVE: The issues, stated elsewhere, are briefly whether a partnership existed and whether any part of the deficiencies is due to fraud.

There was some discussion in the briefs as to whether in any event a minor could become a member of a partnership in the State of Texas, and also whether the alleged partnership was one between petitioners as representing one combined two-thirds interest and Milton as representing a one-third interest, or whether it was a partnership between the three members of the family with each member representing a separate one-third interest.

We do not question the proposition that a minor may become a member of a partnership in Texas. The law of partnerships is largely embraced in the law of contracts. And it is now well established in Texas, as well as in most other jurisdictions, that a minor's contract is not void, but voidable only at the instance of the minor; and, if not so avoided, it is binding upon the other contracting parties. *Weatherford* v. *McFaddin*, 51 S. W. 548; *Peck* v. *Cain*, 63 S. W. 177; and *Brown* v. *Bank*, 88 Texas 265. The Texas courts have also held that a parent may emancipate his child during minority by permitting the minor to engage in business for himself, or by contracting to pay him compensation for his services. See *Granrud* v. *Rea*, 59 S. W. 841; *Duveneck* v. *Kutzer*, 43 S. W. 541; and *Washington* v. *Washington*, 31 S. W. 88. In the latter case the wife of a deceased minor son sued her husband's father to settle a partnership alleged to have existed between her deceased husband and his father. In the opinion the court said:

Should the suit be continued as one solely to settle the partnership, and the evidence be the same as here presented, we think the question as to whether appellant (the minor's father) had emancipated his son, would be unimportant, and need not be submitted to the jury. If appellant actually formed a partnership with his minor son, we see no reason why he would not be bound by such agreement.

As to whether the alleged partnership consisted of two or three separate interests, it is our opinion that Milton was not a partner with his parents on either basis. The conversations he had were largely with his father, although some of them were in the presence of his stepmother. It is our opinion after a careful study of all the evidence that the father never intended, at least during the taxable year here in question, to permit Milton to exercise any of the ordinary rights and incidents of ownership over his alleged one-third interest in the profits. Those rights and incidents were retained very much by the father. Although it can not be disputed that after the execution of the trust instrument in 1930 Milton had an equitable interest, if not a legal title, to an undivided interest of the value of approximately $80,000 in all the property held by Ed Kasch in his own name, yet, to all the property involved in that

trust estate, Ed Kasch held the record title, and retained complete management and control over such property until the year 1947, in which year Milton is to reach his fortieth birthday. In view of the evidence and what we have said in *John W. Graham*, 8 B. T. A. 1081 (in effect affirmed by the Seventh Circuit on November 11, 1930, 44 Fed. (2d) 566); and *T. L. Tally*, 22 B. T. A. 712, we do not think that for the purposes of section 218 of the Revenue Act of 1926 a partnership existed between petitioners and their minor son during the fiscal year ended May 31, 1925.

It does not follow, however, that petitioners were guilty of fraud. Section 275 (b) of the Revenue Act of 1926 provides:

If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

Section 601 of the Revenue Act of 1928 provides in part as follows:

In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, where no hearing has been held before the enactment of the Revenue Act of 1928, the burden of proof in respect of such issue shall be upon the Commissioner.

The hearing in the instant proceeding was held after the enactment of the Revenue Act of 1928. In assuming the burden the respondent offered the testimony of two internal revenue agents who for about three weeks during July, 1926, were examining the books of account and records kept by petitioners in connection with the seed business. The substance of their testimony was that the books " had been kept with comparative accuracy "; that they had never seen Milton about the place of business; and that if the entry on page 61 of the journal charging Kasch with two-thirds of the profits for the taxable year and crediting Mrs. Kasch and Milton with one-third each was recorded on the books at the time of the examination, the agents did not see the entry. Although we have found from the evidence that the alleged partnership did not exist, the evidence fails to show that the attempt to form the partnership and the reporting of the income on that basis was due to fraud with intent to evade tax. The penalites proposed by the respondent are, therefore, disallowed.

*Judgment for deficiencies of $5,792.50 and $5,742.93 against Ed Kasch and Theodora Kasch, respectively, will be entered.*