SHAW, Banking Com'r, v. WARREN et al.

No. 1201.

Court of Civil Appeals of Texas. Eastland.

Dec. 29, 1933.

Rehearing Denied March 2, 1934.

M. F. Billingsley, of Munday, for appellant.

D. J. Brookreson, of Benjamin, and J. S. Kendall, of Munday, for appellees.

LESLIE, Justice.

James Shaw, banking commissioner, instituted this suit against J. A. Warren, Mrs. Joe May Davis and husband, M. A. Davis, Mrs. Maggie Hobart and husband, L. W. Ho-

bart, and Ray Willis to establish an indebtedness against J. A. Warren and to set aside as void certain conveyances of real estate, etc., made by the defendant J. A. Warren to his children, defendants above named. Said conveyances were alleged to have been made in fraud of plaintiff, prior creditor.

Mrs. Joe May Davis and her husband filed a disclaimer, and the court dismissed them with their costs. No question is presented here on this phase of the judgment. Judgment was also rendered in favor of the plaintiff banking commissioner against J. A. Warren for the sum of $1,700; the same being a 100 per cent. assessment on the stock owned by him in the insolvent state bank. The court further found and decreed that no fraud was shown in the conveyances made by J. A. Warren to Ray Willis and Mrs. Maggie Hobart. Judgment on this phase of the case went against the plaintiff, and from that portion of the judgment he appeals.

The defendants answered by general denial, specially alleged that the conveyances were made in good faith, for a valuable consideration, and without actual or constructive notice of any fraudulent intent in making the conveyances on the part of J. A. Warren. Said Warren, in addition to alleging that the conveyances were not made to hinder, delay, or defraud his creditors, further specially alleged that he was a farmer at the time of such conveyances and occupying a rural homestead consisting of the south 200 acres of the east ½ of section 27, Blk. 2, Dallas & Wichita Railway survey, Knox county, Tex.; that he owned the entire one-half section; that the north 160 acres thereof was incumbered with an indebtedness secured by mortgage thereon of $4,300, and that the south quarter section was incumbered with an indebtedness secured by mortgage thereon of $4,284.66. He further alleged that he was unable to pay this indebtedness or the current interest and taxes on said farm land; that the only way he had to save his 200-acre homestead from foreclosure and sale for delinquent interests and taxes was to sell other lands and property owned by him and have the proceeds derived therefrom devoted to the liquidation of the incumbrance against the 160-acre tract and the 40-acre tract comprising his homestead; that, pursuant to such a plan, it was necessary for him to sell the lands and property embraced in the deed to Willis in order to save the south 160 acres of his homestead; and that it was likewise necessary to sell the north 120 acres of the land to protect the south 40 acres in that

quarter section from sale under deed of trust, etc.

Under the above pleadings and the testimony consisting of the bank assessment, the deeds of conveyance, and the evidence given by the defendants J. A. Warren, Ray Willis, and L. M. Hobart, the judgment was rendered as above stated. The trial was before the court without a jury, and, at the request of the appellant, the court has filed findings of fact and conclusions of law. Of course, on appeal in this class of cases the general rule obtains that the verdict of the jury or findings of the court, as a trier of the facts, will not be disturbed if based on sufficient evidence, although the evidence is conflicting. 20 Tex. Jur. p. 517, § 162; Miller & English v. Jannett, 63 Tex. 82; Garahy v. Bayley, 25 Tex. Supp. 295; D'Arrigo v. Texas Prod. Co., 18 Tex. Civ. App. 41, 44 S. W. 531.

Construing the appellant's first assignment to challenge the judgment and the findings of the trial court as without the support of any testimony, we are of the opinion that the same should be overruled.

The property, some of it free from incumbrance, conveyed by J. A. Warren in his deed of conveyance thereof to Ray Willis, was upon a recited consideration of $4,284.66; $284.66 of which was paid in cash and the balance thereof evidenced by Willis' assumption and agreement to pay a $4,000 note executed by said Warren and delivered to the John Hancock Mutual Life Insurance Company, and secured by deed of trust on the southeast ¼ of the said section of land. Also, the north 120 acres of the northeast ¼ of said section of land was conveyed to Mrs. Hobart for a consideration in substance the same and with the view of having her and her husband pay off and discharge the $4,300 incumbrance against that quarter section of the land. Upon these issues the court made the following specific findings:

"That on the 29th day of January, 1932, the defendant, J. A. Warren, conveyed the said Munday property to the defendant, Ray Willis, for the consideration recited in his deed of said date, consisting of $284.60 cash, which he paid, and the assumption and agreement to pay the said Four Thousand Dollars, with its accruing interest, so owing the John Hancock Mutual Life Insurance Company and secured by deed of trust covering the south 160 acres of his homestead, as it accrued, and that said Ray Willis has made the payments that became due on February 1st, 1932, and February 1st, 1933, on said mortgage loan. That such consideration represented the fair

value of said property, at said time, so conveyed to defendant, Ray Willis, but such value has materially depreciated since said time. That said J. A. Warren made this trade because he could not raise the money to meet the payments on his home, and for the purpose of trying to save this 160 acres of his rural homestead.

"That on the 15th day of March, 1932, the defendant, J. A. Warren, conveyed to his daughter Mrs. Maggie Hobart, the north 120 acres of said east half of section No. 27, and that the real consideration for same was the promise and agreement on the part of her and her husband, L. W. Hobart, to pay the mortgage loan, as it accrues, so held by the John Hancock Mutual Life Insurance Company against the north 160 acres of said land, thereby paying out and clearing the north 40 acres of his homestead, that the principal amount of said loan at said time was $4300, and that such amount was the full value of the 120 acres at the time it was so conveyed. That said Maggie Hobart and her husband, L. W. Hobart, have made the due payments for 1932 and 1933 on said loan so covering said 160 acres of land, including the north 40 acres of said defendant, J. A. Warren's homestead, and kept said loan in good standing, and acknowledge their liability and intention of making the future payments as they accrue."

The conveyance to Willis was made January 29, 1932, and the one to Hobart March 15, 1932, and that the instant suit was filed December 5, 1932, at which time an attachment was sued out. The court further found that J. A. Warren did not make said conveyances for the purpose of hindering, delaying, or defrauding his creditors, but that he made them in an effort to procure the payment of the creditor that held valid liens against his homestead, and that said conveyances were made by him "in an honest effort to save his 200 acre rural homestead"; that Willis and Hobart each paid a valuable consideration for the property conveyed to him and without any notice of fraud in connection with the same.

■An examination of the statement of facts discloses that the court's findings of fact are amply supported by the testimony. We are of the opinion that the trial court's judgment or conclusion of law on these facts is correct. It is but the application of a well-recognized rule of law stated in 20 Tex. Jur. p. 384, § 21, as follows: "The disposition of property subject to execution for the purpose of procuring a homestead is not a fraud

on creditors who have no specific lien on the property disposed of."

Supporting this rule, the text cites the following authorities: Finn v. Krut, 13 Tex. Civ. App. 36, 34 S. W. 1013; Thompson v. I. & G. N. Ry. Co., 45 Tex. Civ. App. 285, 100 S. W. 197; Bell v. Beazley, 18 Tex. Civ. App. 639, 45 S. W. 401; North v. Shearn, 15 Tex. 174; Lacy v. Chandler (Tex. Civ. App.) 163 S. W. 328–330; Southern Irrigation Co. v. Wharton National Bank (Tex. Civ. App.) 144 S. W. 701; Lewis v. Goldthwaite National Bank, 36 Tex. Civ. App. 437, 81 S. W. 797. In the second authority cited, it is held that the validity of such a transaction would not be affected by the fact that the party from whom the homestead was purchased suggested the purchase in order to hinder and delay the debtor's creditors.

If these authorities state a sound proposition of law, we see no reason why a debtor may not dispose of his property subject to execution for a fair consideration and apply the same to the discharge of an actual incumbrance and lien against his homestead, thus perfecting that family right. Such an act on his part, we think, would in law be free from any taint of fraud capable of rendering such conveyance void.

■Viewing the above contention of the appellant from another angle, it occurs to us that he does not give due effect to the above recitals of consideration found in the deeds of conveyance sought to be canceled. The assumption by the grantee of a bona fide debt of the grantor may be valuable and sufficient consideration for the conveyance of the latter's property. Traders' Nat. Bank v. Clare, 76 Tex. 47, 13 S. W. 183; Duveneck v. Kutzer, 17 Tex. Civ. App. 577, 43 S. W. 541; Dix v. Jackman (Tex. Civ. App.) 37 S. W. 344; 27 C. J. p. 533, § 222. Attention is called to this phase of the evidence, although the testimony of the witnesses otherwise supported their contentions. The assignment is overruled.

■The second assignment of error attacks the court's "findings of facts" as they relate to the conveyance to Warren's daughter, Mrs. Davis. On the trial, she and her husband disclaimed any interest in the land by virtue of the conveyance and the judgment disposed of her interest, if any, in a manner which is not complained of by any of the litigants. That point becomes immaterial.

■The third proposition complains that the court erred in not rendering judgment for the appellant for foreclosure of attachment lien, since the evidence showed the con-

veyance of certain vendor's lien notes to C. B. Warren without consideration, etc. No question or issue concerning vendor's lien notes is anywhere raised by the appellant's pleadings, and C. B. Warren was not made a party to the suit. No such question is presented by the record.

█ The fourth assignment complains that the trial court erred in misplacing the burden of proof. The trial was before the court without a jury, and there is nothing presented in the brief or the record indicating the mental processes by which the court reached his conclusions. No error in this respect is made manifest, and the point is overruled.

The fifth assignment complains that the court erred in refusing to foreclose the appellant's attachment lien because J. A. Warren, in transferring an elevator property together with coal, grain, etc., violated the Bulk Sales Law (Vernon's Ann. Civ. St. arts. 4001–4004). We have carefully considered this point, and are of the opinion that neither the pleadings nor the testimony present any question arising out of the violation of the Bulk Sales Law.

We have thus disposed of each of appellant's assignments, and are of the opinion that the judgment of the trial court should be affirmed. It is so ordered.