HOUSTON & T. C. R. CO. v. WALKER et al.
(No. 2742.)

(Supreme Court of Texas. Jan. 27, 1915.)

1. APPEARANCE ⊂══ 8—WAIVER OF PROCESS—FILING SPECIAL EXCEPTIONS.

Where an action for personal injuries was revived by plaintiff's heirs after his death, and a supplemental petition was filed asking for damages for the death, which was alleged to have resulted from the injuries, but no citation was thereafter served upon the defendant, defendant's exceptions to the petition for misjoinder of causes of action was an appearance in the action for the death, though in its answer it

expressly limited its appearance to the original cause of action.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 23–41; Dec. Dig. ⊂══8.]

2. APPEAL AND ERROR ⊂══1082—DECISION OF INTERMEDIATE COURT—QUESTIONS CONSIDERED.

In such action, where defendant, in its motion for new trial, contended that the undisputed evidence showed that the death resulted solely from the injuries, and for that reason plaintiffs remitted in the Court of Civil Appeals the judgment for the injuries before death, the defendant cannot in the Supreme Court object that, under the instructions, the verdict did not amount to a finding that the injuries were the sole cause of the death.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1133–1136, 4270, 4281–4284, 4289–4292; Dec. Dig. ⊂══1082.]

3. DEATH ⊂══77—DAMAGES—SUFFICIENCY OF EVIDENCE.

In an action by surviving children for the death of their father, evidence *held* insufficient to show that two children, who were adults and self-supporting, suffered any pecuniary injury by reason of their father's death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 96; Dec. Dig. ⊂══77.]

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by T. B. Walker and others against the Houston & Texas Central Railroad Company. A judgment for the plaintiff was affirmed by the Court of Civil Appeals (167 S. W. 199), and defendants bring error. Judgment affirmed in part, and reversed and rendered for defendant in part.

Baker, Botts, Parker & Garwood, of Houston, and Head, Smith, Maxey & Head, of Sherman, for plaintiffs in error. Wolfe, Wood & Haven, of Sherman, for defendant in error.

PHILLIPS, J. The suit was originally filed by T. B. Walker against the railroad company for damages on account of personal injuries charged to have been occasioned by its negligence. The railroad company was duly served with citation upon this petition, appeared, and answered. Later Walker died, and, his death being suggested, his widow, by an amended petition, sought recovery in behalf of herself and the four children of the decedent. Subsequently she died, and a further amended petition was filed by two of the children, Camille and Fount, for themselves and as next friends of their minor sisters, seeking damages in the sum of $40,000. Thereafter they filed another amended petition, seeking damages for themselves on account of the death of Walker, which it was charged had resulted from the injuries due to the company's negligence, and alternatively, as the heirs of Walker, praying for damages to which it was alleged he would have been entitled, had he lived, and, if it should be determined that his death was not due to the injuries pleaded, placed at the sum of $30,000. No citation was issued as to the cause of action. of the plaintiffs alleged to have accrued to

them as Walker's children. Following the filing of the petition last mentioned, the defendant company filed its first amended answer, stating that it was filed only as to the original suit instituted by Walker and then being prosecuted by the plaintiffs as his heirs and legal representatives, and that it refused, and had always theretofore refused, to appear or plead to the suit of the mother, or of the plaintiffs as Walker's children, on the cause of action pleaded as accruing because of his death, on account of its never having been served with citation upon such a suit. In this answer a general demurrer was followed by a special exception to the petition of the plaintiffs, urging that the two causes of action, namely, the suit of the plaintiffs as Walker's children and the suit as his heirs, were improperly joined, and praying that the plaintiffs be compelled to sever the causes, and elect as to which they would prosecute. The trial court submitted both causes of action to the jury. A verdict was returned and judgment rendered for the plaintiffs, as heirs of Walker, for $2,500, and in their favor, as surviving children, for $9,000, apportioned $1,000 to Camille, $1,000 to Fount, $2,000 to Pansy, and $5,000 to Elizabeth. In the Court of Civil Appeals, before submission there, a remittitur was entered by the plaintiffs as to the $2,500 recovered in their capacity as heirs. The judgment in other respects was affirmed by that honorable court.

[1] A principal contention urged by the plaintiff in error in its petition is that the court acquired no jurisdiction over it upon the plaintiffs' cause of action as surviving children of Walker, because it was never served with citation thereon, and made no appearance in the case as to such cause of action. We declined to grant the writ of error upon this ground. If there were any difficulty in the question, we think it settled by the exception, or plea of misjoinder of causes of action, interposed by the defendant to the last petition filed by the plaintiffs. This constituted necessarily an appearance as to both causes of action, since the exception or plea could not well have been urged to only one of them.

[2] The trial court instructed the jury that, if they found the death of Walker was due to any cause other than the injuries received by him on October 20, 1910, the plaintiffs could not recover in the capacity of surviving children, but could recover as Walker's heirs for such injuries suffered by him, provided they were found to have been proximately caused by the defendant's alleged negligence. By further instruction the jury were told that if they found his death was caused solely by such injuries, and the latter were due to the defendant's negligence, as charged, the plaintiff would be entitled to recover in the dual capacity as Walker's heirs and as surviving children. Inasmuch as a verdict was returned for the plaintiffs in both capacities, it is urged by the railway company

173 S.W.—14

that, under the charge, the verdict in their favor as surviving children does not amount to a finding that Walker's death was due to the injuries in question. There is an apparent contradiction in the verdict, though we think it was probable that the jury understood, under the arrangement of the charge, that a verdict for the plaintiffs in their dual capacity, as was actually returned, could only be rendered upon a finding that the injuries caused Walker's death, and accordingly rested that part of the verdict finding for the plaintiffs, as heirs, upon that instruction, rather than upon that part of the charge which authorized a verdict for the plaintiffs in that capacity in the event it was found that the death resulted from another cause. In any event, we do not think the railway company is in position to take advantage of the question. In its motion for a new trial in the trial court, it urged, as a ground of invalidity of the judgment in plaintiffs' favor in the capacity of heirs, that the undisputed evidence showed "that the death of said T. B. Walker was caused by the accident and injuries on account of which this suit is brought, and, this being true, the cause of action originally instituted by said deceased in his lifetime abated upon his death, and could not be prosecuted by the plaintiffs, or any one else, for his estate." Having made the contention in the trial court that the verdict for the plaintiffs as heirs was void because "the undisputed evidence" showed that the injuries caused the death, which part of the judgment was remitted in the Court of Civil Appeals, the plaintiff in error should not now be heard to say that the jury did not, under the charge, find in accordance with such evidence.

The writ of error was granted because of our opinion that there was no basis in the proof for a recovery in favor of Camille Walker or Fount Walker. An answer to the petition having been filed by the defendant in error, we may determine the case.

[3] Camille Walker and Fount Walker were both adults. Their being adults would not of itself deprive them of the right of recovery under the statute, provided the evidence showed a prospective financial loss to them on account of their father's death. But there must be evidence which would reasonably afford just ground for a finding that the parent would have rendered each of them pecuniary aid, had he lived. Before a recovery can be had, the loss must be shown. It is not required to be proved directly; it may be proved circumstantially, but it must rest in the evidence. The statute allows no compensation by way of solace for the bereavement which would naturally be caused by the death of a parent, as is well settled. The damages must be actual and for a pecuniary loss.

The trial was had in June, 1913. Walker's death occurred in December, 1912.

Miss Camille Walker testified that when T. B. Walker would receive his monthly pay check it was turned over to the family, and was used for the support, education, and maintenance of the family. But her testimony further shows that at the time of the trial she had been teaching for four or five years, being then 25 years of age; that at the time of her father's death she was each month contributing to the payment of the family expense; that she bought her own clothes; and that, when she was not at home, she paid her board and her own expenses.

Her sister, Miss Pansy Walker, 20 years of age at the time of the trial, one of the plaintiffs, testified that Miss Camille had been teaching four or five years; that since she had been teaching she had been contributing some to the family expenses. One of the statements in her testimony is:

"My sister [Miss Camille] has been self-supporting, I suppose, four or five years, and during that time, when she drawed her money, she contributed to the family expenses."

Fount Walker was 22 years of age at the time of the trial, an adult at the time of his father's death, and unmarried. He was shown to have been a fireman in the employ of a railroad company, and had been so engaged for a year or two. He testified that before he went to work, which was upon his leaving school in 1908, four years before his father's death, the latter paid his expenses, board, etc.; and that, since he had been at work, he had contributed in the payment of his own expenses.

His sister, Miss Pansy, testified concerning him as follows:

"I will say that my brother has been self-supporting six or seven years, possibly. I really do not know about that. During most of the time he has contributed to the family support."

With each of these two children grown at the time of their father's death; then, and for a number of years prior, self-supporting, and contributing to the family expenses; and with nothing in the proof to show his extension of pecuniary aid to them further than that, when they were at home, they shared the family board and home environment furnished by the father, for which it is evident their contributions were meant to compensate, it cannot be reasonably contended, we think, that there was any evidence of prospective pecuniary aid from the father for their benefit. As said in Railway Co. v. Johnston, 78 Tex. 536, 15 S. W. 104:

"The circumstances repel the idea that they had any just grounds to expect pecuniary assistance from him."

The judgment as to Pansy Walker for $2,000, and for Elizabeth Walker for $5,000, is affirmed; and, as to Camille Walker and Fount Walker, the judgments of the district court and Court of Civil Appeals are reversed; and judgment is here rendered for the plaintiff in error.