**STARK et al. v. SLACK. (No. 1398.)**

(Court of Civil Appeals of Texas. El Paso. Jan. 4, 1923.)

1. **Parent and child ⊜5(1)—Earnings of unemancipated minors belong to father.**

The earnings of minors who have not been emancipated belong to their father, and cannot be recovered by them if they were paid to defendant for the purchase of an automobile with the father's consent.

2. **Infants ⊜72(1)—Defendant in suit by minors to recover sale price can show they had no interest in money other than bare possession.**

In a suit by minors to recover money paid for an automobile, it is a valid defense that the minors were not the owners of the money and had no interest therein other than the bare possession.

Error from Ward County Court; Geo. H. Tucker, Judge.

Action by G. K. Stark and another, by their father as next friend, against Marion Slack. Judgment for defendant, and plaintiffs bring error. Affirmed.

See, also, 234 S. W. 687.

Birge Holt, of Barstow, and H. G. Russell, of Pecos, for plaintiffs in error.

T. F. Slack, of Pecos, for defendant in error.

HARPER, C. J. G. K. Stark, 17 years of age, and Custer Stark, 15 years of age, purchased of Marion Slack an automobile, paid $200 cash, executed a note for $200, and delivered a pistol of the agreed value of $25 as consideration therefor.

Their father, George I. Stark, signed the note, and for which judgment has since been granted against him.

The $200 paid in cash was money that the minor sons had earned in working and cultivating a crop for the year 1919, at which time they were not emancipated by their father, and the contract of purchase was made over the advice of the father that the automobile was not worth that amount of money.

The sons tendered back the machine, and by their father, as next friend, brought suit to rescind the contract and to recover the $200 paid in cash and the pistol or its value, alleging their minority, etc.

The defendant answered first by plea that the plaintiff is not entitled to sue in the capacity in which he sues, setting up facts, duly verified as provided by article 1906, Revised Civil Statutes, and then by general demurrer and general denial, and specially that the sale was made by defendant with full knowledge of said G. I. Stark, and with his consent.

The cause was submitted to jury upon general charge; verdict in effect was a finding that the $200 and pistol sued for did not belong to the minors.

Thereupon judgment was entered for the defendant, brought here by writ of error for review.

Three propositions are urged, all of which may be condensed into the following:

The contract of a minor being voidable upon election to rescind, and the $200 cash paid being the personal property of the minors because it was earnings of their labor, the verdict of the jury was contrary to law.

[1] The minors not having been emancipated, their earnings belonged to the father, under the facts stated, and it was paid to the appellee with the knowledge and consent of the father. Harper v. Utsey (Tex. Civ. App.) 97 S. W. 508.

[2] Under the facts here detailed, it is a valid defense that the minors are not the owners of the money and therefore had no other interest therein than the bare possession, because the then owner might maintain a second action for the same money. Mo. Pac. Ry. Co. v. Cullers, 81 Tex. 382, 17 S. W. 19, 13 L. R. A. 542.

In other words, the father is trying to recover his own money in an action wherein he makes his minor sons plaintiffs. This is not permissible.

Affirmed.

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes