## BAILEY et al. v. HEMBREE et al.
### (No. 2688.)

(Court of Civil Appeals of Texas. Amarillo. May 26, 1926.)

**1. Appeal and error ⬥⬦544(2), 719(1)—In absence of motion for rehearing, assignments of error, or statement of facts in record, appellate court is confined to question of fundamental error.**

Where appellants filed neither motion for rehearing nor assignments of error and no statement of facts appears in record before appellate court, court is confined to question of fundamental error.

**2. Appearance ⬥⬦23—Defendant by excepting to plaintiff's petition and filing general demurrer and general denial before filing plea of privilege, submitted himself to court's jurisdiction and sustaining plea and transferring case was error.**

Where defendant filed exceptions to plaintiff's petition for misjoinder of parties and causes of action, and a general demurrer and general denial, before filing his plea of privilege, he thereby submitted himself to jurisdiction of court and its action in sustaining plea of privilege and transferring case to county of defendant's residence was error.

Appeal from Hale County Court; Meade F. Griffin, Judge.

Action by I. M. Bailey and another against J. W. Hembree and others, wherein defendant I. N. Mobley filed a plea of privilege. From a judgment sustaining such plea of privilege and ordering transfer of case, plaintiffs appeal. Reversed and remanded.

M. J. Baird, of Plainview, for appellants.

Kinder & Russell, of Plainview, for appellees.

JACKSON, J. I. M. Bailey and A. F. Quisenberry, plaintiffs, instituted this suit in the county court of Hale county, Tex., against J. W. Hembree, R. P. Hare, I. N. Mobley, and W. F. Parrish, defendants, to recover commissions for the sale of certain real estate.

The plaintiffs allege that J. W. Hembree is a resident citizen of Hale county, Tex.; that R. P. Hare is a citizen of Lamb county, Tex.; that I. N. Mobley is a resident citizen of Knox county, Tex.; and W. F. Parrish is a citizen of Wichita county, Tex.

Plaintiffs allege: That they were partners engaged in the sale of real estate for commission, and that J. W. Hembree was a broker engaged in selling real estate for commission. That I. N. Mobley had listed with J. W. Hembree for sale at the price of $30 per acre the land, for the sale of which they seek to recover a commission, and the said Hembree had promised the plaintiffs that if they would find a purchaser at that price he

would pay them one-half of the commission on the amount of the sale, if the land was sold; and 1¼ per cent. commission if an exchange of lands was negotiated. That the plaintiffs procured a purchaser to whom the land was sold, and that I. N. Mobley, knowing they were engaged in the real estate business and selling lands for a commission, agreed to pay them $398.50 for their services in negotiating the sale. That R. P. Hare and W. F. Parrish were claiming some interest in the commission, for which reason they were made parties to the suit.

The plaintiffs also alleged that, if they were not entitled to recover on the agreements set up, they were entitled to reasonable compensation for their services, which was 2½ per cent. on the purchase price paid for the land, and which was the reasonable and customary charge for such services.

On September 23, 1925, the defendant I. N. Mobley excepted to plaintiffs' petition for misjoinder of parties and misjoinder of causes of action, pleaded general demurrer and general denial. On September 25, 1925, the court sustained I. N. Mobley's exceptions urging misjoinder of parties and of causes of action.

Plaintiffs on the same day filed an amended petition in which they allege more specifically the agreement of the defendant, I. N. Mobley, to pay a commission, and set out more in detail their plea on quantum meruit.

On September 25, 1925, I. N. Mobley filed his plea of privilege to be sued in Knox county, the county of his residence. In reply to this plea of privilege the plaintiffs filed a controverting affidavit, setting up that the defendant I. N. Mobley had answered in said cause prior to the filing of his plea of privilege, and attaching to such controverting affidavit a copy of the answer theretofore filed by the defendant Mobley.

On the 18th day of November, 1925, on a hearing the court sustained the plea of privilege, and by an order of the court transferred the case for trial to Knox county, Tex., adjudging the costs in the proceedings to that date against plaintiffs. From this action of the court the plaintiffs, appellants herein, prosecute this appeal.

[1] Appellants filed no motion for rehearing, no assignments of error, and no statement of facts appear in the record before us. Therefore we are confined to the question of fundamental error.

[2] The transcript discloses that plaintiffs filed their original petition with the county clerk on May 19, 1925; that on September 23d thereafter, I. N. Mobley answered, excepting to plaintiffs' petition for misjoinder of parties and causes of action, and filed a general demurrer and denied generally all and singular the allegations in plaintiffs' petition, demanded strict proof thereof, and prayed

that he go hence without day and recover his costs; that on September 25th thereafter his plea of misjoinder was sustained; the plaintiff amended its petition, after which the said Mobley filed his plea of privilege, which was sustained by the court on November 18, 1925.

In our opinion the appellee Mobley, having filed exceptions to plaintiffs' petition for misjoinder of parties and misjoinder of causes of action, and a general demurrer and general denial to plaintiffs' cause of action, before filing his plea of privilege, thereby submitted himself to the jurisdiction of the court to determine the merits of the controversy, and the court erred in its order sustaining the plea and transferring the case to the county court of Knox county. McClure v. Pair (Tex. Civ. App.) 214 S. W. 683; Houston & T. C. Ry. Co. v. Walker et al., 108 Tex. 241, 173 S. W. 208; Dickson v. Scharff et al. (Tex. Civ. App.) 142 S. W. 980; 4 C. J. pp. 1337, 1338.

The judgment of the court sustaining the plea of privilege and transferring the case to Knox county is reversed, and the cause remanded.