## AMERICAN NAT. INS. CO. v. UNITED STATES FIDELITY & GUARANTY CO. et al. (No. 1885.)

Court of Civil Appeals of Texas. Beaumont. Dec 18, 1929.

Rehearing Denied Jan. 15, 1930.

P. D. Renfro, of Beaumont, for appellant.
B. C. Johnson, of Port Arthur, for appellees.

O'QUINN, J. The United States Fidelity & Guaranty Company was plaintiff in the court below. It filed its suit in the county court at law of Jefferson county, Tex., against F. P. Ahysen, alleging that it was a foreign corporation with a permit to do business in Texas. The case was tried on plaintiff's first amended original petition. For cause of action, it alleged that during the year 1923 the defendant, Ahysen, was in the employ of the American National Insurance Company of Galveston, Tex., as an agent thereof, and as such agent applied to the plaintiff, the United States Fidelity & Guaranty Company, for a bond payable to the American National In-

surance Company, conditioned for the faithful performance of his duties as such agent and the payment to the American National Insurance Company of all moneys coming into his hands as such agent and belonging to said insurance company; that it became surety for said defendant and issued its bond or security for him as such agent of said insurance company; that, under and by virtue of said bond, as such surety, on September 3, 1924, it paid to the American National Insurance Company the sum of $457.98 on a default of said defendant, Ahysen, in the payment of said sum to said company; that said amount was paid by it in good faith on a showing by said American National Insurance Company that the defendant, Ahysen, had failed to pay said amount of money coming into his hands as agent of said insurance company over to his said employer, said insurance company; that, by reason of the premises, the defendant, Ahysen, was obligated to pay plaintiff said sum, and prayed for judgment therefor.

Defendant, Ahysen, answered by general demurrer, several special exceptions, general denial, and by cross-action pleaded over against the American National Insurance Company, alleging that said insurance company, well knowing that he was not indebted to it in any sum, had wrongfully and fraudulently represented to plaintiff, the United States Fidelity & Guaranty Company, his surety, that he was indebted to it in the sum of $457.98, and had made default in the payment of same, and thus procured the payment by said surety to it of said sum; that, instead of him owing said insurance company said sum, or any other sum, it was in debt to and owed him approximately the sum of $400, and prayed that said insurance company be cited to answer his cross-action, and that, if plaintiff recover judgment against him, he have judgment over against said insurance company for the amount of the recovery, and that he also have judgment against said company for the balance due him, approximately $400.

Upon the filing of this answer by defendant, Ahysen, the plaintiff, United States Fidelity & Guaranty Company filed its first amended original petition, upon which the case was tried, and to which further reference will be made later.

The American National Insurance Company was cited, and appeared and answered defendant Ahysen's cross-action by general demurrer, general denial, and special plea of the two and four years statutes of limitation against any claim Ahysen might have against it.

The court sustained the pleas of limitation of the American National Insurance Company, defendant in Ahysen's cross-action, against the liability therein asserted against it.

The case was then tried to a jury, but at the conclusion of the evidence, under instructions of the court, the jury returned the following verdict:

"We, the jury, find for the plaintiff, United States Fidelity & Guaranty Company, against the defendant, American National Insurance Company, for the amount sued for, and that plaintiff, United States Fidelity & Guaranty Company, take nothing as against defendant, F. P. Ahysen, and that F. P. Ahysen take nothing on his cross action against defendant American National Insurance Company."

On this verdict judgment was entered in favor of the United States Fidelity & Guaranty Company against the American National Insurance Company for $457.98, with interest thereon at the rate of 6 per cent. from and after September 3, 1924, the date of the payment of said sum by the United States Fidelity & Guaranty Company to the American National Insurance Company; that Ahysen take nothing by his cross-action against the American National Insurance Company; and that he (Ahysen) be discharged with his costs as to the plaintiff United States Fidelity & Guaranty Company's suit against him. Motion for a new trial was overruled, and the case is before us on the appeal of the insurance company.

Appellant's first proposition is that the judgment should be reversed and rendered in its favor, because (a) the court was without jurisdiction to enter the judgment in question because same was without pleading or proof to sustain it; and, (b) because appellant was never cited to appear and answer any suit by appellee United States Fidelity & Guaranty Company against it, nor did it waive service of citation or accept service in said suit, and because it did not answer by suit by said plaintiff against it.

We think the assignment should be overruled for the following reasons:

■ (a) The record reflects that Ahysen was an agent of the American National Insurance Company; that the United States Fidelity & Guaranty Company was his surety, guaranteeing the faithful performance of his duties to said insurance company as such agent; that, on the complaint and showing of proof made by the insurance company to plaintiff that Ahysen was delinquent in the sum of $457.98 for not remitting moneys collected by him as such agent that belonged to said insurance company, the plaintiff, United States Fidelity & Guaranty Company, paid said sum to said insurance company under and by virtue of its suretyship; that it then sued Ahysen to recover the amount so paid; that on April 11, 1927, he (Ahysen) answered denying that he had owed said insurance company any sum, but that to the contrary it owed him approximately $400, and by cross-action sought to recover said alleged indebtedness; that on April 2, 1927, the insurance company, after

being cited to answer Ahysen's cross-action, filed its answer to said cross-action; that thereafter, on April 23, 1928, plaintiff, the United States Fidelity & Guaranty Company, filed its first amended original petition, above referred to, and which contained the following:

"3. Plaintiff would further show unto the court that the defendant, F. P. Ahysen, has filed his cross-action herein against the American National Insurance Company, who have been made parties to this suit, and is claiming in said cross-action against American National Insurance Company that he did not owe the amount of $457.98 as claimed by the American National Insurance Company, and as paid by this plaintiff, but that he had fully paid the American National Insurance Company and there had been an accord and satisfaction and that he did not at the time alleged in plaintiff's petition owe the American National Insurance Company said sum of money or any other sum, and that plaintiff had no authority to pay said sum of money for his account. Plaintiff would show unto the court that its obligation to the American National Insurance Company was that of surety only and if the American National Insurance Company demanded of and received from the plaintiff any sum of money which was not justly due and owing by the said F. P. Ahysen as aforesaid, then the plaintiff ought to have from the American National Insurance Company a repayment and reimbursement for any amount so paid that was not due and owing.

"Wherefore, premises considered, plaintiff prays that defendant be cited in terms of law to appear and answer this petition, and that upon a trial hereof, it have judgment against the defendant, F. P. Ahysen, for the sum of Four hundred and fifty seven and 98/100 ($457.98) Dollars, with legal interest thereon from the 3rd day of September, A. D., 1924, together with all costs in this behalf expended.

"Plaintiff prays in the alternative that if it be shown that the sum of Four hundred and fifty seven and 98/100 ($457.98) Dollars or any portion thereof that the plaintiff was required to pay to the American National Insurance Company as a surety for the defendant, said F. P. Ahysen, was not due and owing to the said American National Insurance Company, then and in that event, plaintiff prays that it have judgment against the American National Insurance Company for any amount so paid which was not justly due and owing."

This was sufficient pleading upon which, in the absence of proof that Ahysen had defaulted in making payment of the $457.98 to appellant for moneys he, as appellant's agent, had received, and failed to pay to it, to recover said money back from appellant as money it was not entitled to receive.

(b) As to appellant's second contention, that it had not been cited to appear and answer any demand of the plaintiff, we will say that appellant appeared and answered defendant Ahysen's cross-action, which was the basis for the plaintiff United States Fidelity & Guaranty Company's amended petition, and on which it based its prayer for judgment against appellant. At the trial, the attorney for appellant actively engaged in the trial, interrogated and cross-examined the witnesses, objected to the introduction of evidence, and took exception when overruled. We think that, when appellant filed its answer to the cross-action, it was in court for all purposes, but, if we are mistaken as to this, then we will say that, when appellant appeared and actively participated in the trial throughout, it was in court for all purposes of the controversy growing out of the facts on which the cross-action was predicated. It is true that the appellant, in its statement of the nature and result of the suit, says that, before announcing ready for trial, and before going into the trial, it made known to the court that it had not been served with citation of any claim against it by the plaintiff, that it had not waived service of citation or accepted service as to any such claim, and that it was appearing and answering only as to the cross-action of defendant, Ahysen, and not appearing or answering any suit of the plaintiff. This statement, in effect, is repeated in appellant's brief in its first proposition. But we find in the statement of facts, agreed to by the parties and approved by the court, on pages 63, 64, and 65, the record of where, after the evidence was all in, that counsel for appellant made, in substance, the statements mentioned. So it would seem from the record that appellant had appeared and participated fully in the trial before any suggestion as to lack of service or appearance was made. But, be this as it may, we do not think, under the facts, that it makes any difference whether the suggestion of counsel for appellant was before the beginning of the trial, or after the evidence was all concluded, because, when appellant appeared by counsel and vigorously and fully participated in the trial, interrogating and cross-examining witnesses, it was in court for all purposes growing out of the facts on which the cross-action was predicated.

But appellant insists that the judgment is erroneous because there was no pleading to support it. We think this contention cannot be sustained. We have already disposed of this contention, but will further say that, when appellant was brought into court in the cross-action of defendant, Ahysen, the United States Fidelity & Guaranty Company, plaintiff, amended its petition and pleaded against appellant as follows:

"3. Plaintiff would further show unto the court that the defendant, F. P. Ahysen, has filed his cross-action herein against the Amer-

ican National Insurance Company, who have been made parties to this suit, and is claiming in said cross-action against American National Insurance Company that he did not owe the amount of $457.98 as claimed by the American National Insurance Company, and as paid by this plaintiff, but that he had fully paid the American National Insurance Company and there had been an accord and satisfaction and that he did not at the time alleged in plaintiff's petition owe the American National Insurance Company said sum of money or any other sum, and that plaintiff had no authority to pay said sum of money for his account. Plaintiff would show unto the court that its obligation to the American National Insurance Company was that of surety only and if the American National Insurance Company demanded of and received from the plaintiff any sum of money which was not justly due and owing by the said F. P. Ahysen, as aforesaid, then the plaintiff ought to have from the American National Insurance Company a repayment and reimbursement for any amount so paid that was not due and owing.

"Wherefore, premises considered, plaintiff prays that defendant be cited in terms of law to appear and answer this petition, and that upon a trial hereof, it have judgment against the defendant, F. P. Ahysen, for the sum of Four hundred and fifty seven and 98/100 ($457.98) Dollars, with legal interest thereon from the 3rd day of September, A. D., 1924, together with all costs in this behalf expended.

"Plaintiff prays in the alternative that if it be shown that the sum of Four hundred and fifty seven and 98/100 ($457.98) Dollars or any portion thereof that the plaintiff was required to pay to the American National Insurance Company as a surety for the defendant, said F. P. Ahysen, was not due and owing to the said American National Insurance Company, then and in that event, plaintiff prays that it have judgment against the American National Insurance Company for any amount so paid which was not justly due and owing."

This was sufficient to entitle it to recover against appellant if the evidence showed that appellant had demanded and received money on a claimed defalcation of its agent Ahysen to which it was not entitled. In the trial, the court sustained objections to and ruled out the evidence offered to show Ahysen's defalcation of indebtedness to appellant, for the reason the evidence offered was copies of original statements and not the best evidence, and statements made up by third persons from the original reports, the originals not being in evidence, which action of the court is not questioned here. So there was no evidence to show that Ahysen had made default in the payment of the amount claimed by appellant and demanded by it of and received

from Ahysen's surety, the United States Fidelity & Guaranty Company, and hence no right to demand and receive same. That being true, said surety company was entitled to recover back the money paid by it to appellant.

◼ Appellant's second proposition challenges the right of plaintiff, United States Fidelity & Guaranty Company, to maintain the suit and to have judgment because in its petition it is alleged that it was a foreign corporation and had a permit to do business in the state of Texas, and that it made no proof of its permit to do business in this state, and so was not entitled to maintain its suit or to have judgment. This contention is based upon article 1529 and 1536, R. S. 1925. It has been uniformly held that corporations coming under these statutes must both plead and prove that they had a permit to do business in this state at the time the contract was made out of which the suit resulted in order to maintain suit. Bank v. Janellen Oil Company (Tex. Civ. App.) 275 S. W. 210; Elliot Electric Company v. Clevenger (Tex. Civ. App.) 300 S. W. 91. But we do not think the plaintiff corporation in this suit belongs to that class, but that it is exempt under article 1538. The contract of the United States Fidelity & Guaranty Company with the appellant was one of indemnification. It was to insure the insurance company against any loss that it might suffer by reason of its agent Ahysen defaulting in the payment of money coming into his hands that belonged to said insurance company. It is well settled that corporations doing an insurance business are not subject to articles 1529 and 1536, R. S. Southern Surety Company v. Bank (Tex. Civ. App.) 212 S. W. 556. Furthermore, plaintiff herein is a fidelity, guaranty, and surety company, and under articles 4969–4972 of the provisions of chapter 16, R. S., relating to insurance, is required to apply to and procure from the commissioner of insurance of this state a permit authorizing it to do business within the state. This, under article 1538, exempts it from the provisions of articles 1529 and 1536. The assignments are overruled.

Appellant's third proposition is: "Where a case is tried to a jury and disputed issues of fact are raised in the trial of the case, it is error to instruct a verdict in favor of either party, and the matters of fact should be submitted to the jury for their determination."

◼ Our disposition of appellant's first proposition, we think, also disposes of this, but we will say that, under the rulings of the court, against which there is no complaint here, there was no evidence that, at the time appellant made its demand on the plaintiff, United States Fidelity & Guaranty Company, as surety for appellant's agent, Ahysen, to pay the claimed defalcation of said Ahysen, Ahysen was indebted in any amount to appellant

for moneys received by him belonging to appellant, and therefore, under this state of the evidence, appellant was not at said time entitled to demand or receive from said surety the amount it did so receive. As the record stands, therefore, having wrongfully demanded and received the money in question, judgment for the recaption of same by the surety company was proper. There being no disputed question of fact, the court properly directed the verdict. The judgment should be affirmed, and it is so ordered.

Affirmed.