## YELLOW CAB & TRANSFER CORPORATION v. WARREN CO., Inc.

### No. 11113.

Court of Civil Appeals of Texas. Galveston.
Feb. 6, 1941.

Rehearing Denied Feb. 27, 1941.

Vinson, Elkins, Weems & Francis, of Houston, for appellant.

Sam T. Cook, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $324.05 judgment, entered in response to a jury's verdict on special issues, and independent findings of the court itself from the evidence, in appellee's favor against appellant for damages to the former's Packard automobile, found to have been negligently inflicted by one of appellant's cabs in a three-way collision, at the intersection of La Branch and Clay streets in Houston, on January 16th of 1939. It was alleged, and by the court and jury in substance found, in the appellee's favor, that appellant's cab struck a third person's Chevrolet truck, knocking such truck about 30 feet across such intersection onto the appellee's automobile, causing the damages so found.

The appellant had answered with a demurrer, a denial, and a plea of contributory negligence, all general, and also with a cross-action over against one C. P. Bollinger, an original co-defendant along with the transfer corporation, who was disposed of below and is not a party to this appeal.

In this court, through several propositions, appellant first challenges the sufficiency of the proof to support the findings of either court or jury of any proper measure of damages so determined to have been visited by its negligence upon appellee's car; the $324.05 recovery, so allowed, was based upon a return by the jury of that amount as its answer to special issue No. 27, which ran as follows: "What do you find from a preponderance of the evidence was the reasonable cost of making necessary re-

pairs so as to put the Packard automobile belonging to the plaintiff, The Warren Company, Inc., in as good condition as it was before the collision in question in the vicinity of Houston, Texas, at the time of the collision in question?"

Appellant's insistence is that this finding was an insufficient predicate for the challenged judgment against it based wholly thereon, in that there is no proof in this record—nor any finding of court or jury upon that feature—to show that the value of the appellee's car, after being repaired, was not greatly enhanced over the condition it was in just prior to the collision declared upon.

A careful study of the statement of facts, with a corresponding checking of the findings of both the court and the jury, verifies this contention; nor is it a sufficient answer to reply, as the appellee does, that in this instance the proof did show the car to have been restored to its condition immediately prior to the injury, which was identical with a determination of market value; this for the reason thus stated in 13 Texas Jurisprudence, p. 160: "The rule announced by some authorities that the reasonable value of necessary repairs caused by an injury to personal property should measure the damage is inaccurate or incomplete, the reason being that after having been repaired, the property may be of greater or less value than before the injury, necessitating that such increased or decreased value be added to or subtracted from the cost of the repairs." Union City Transfer v. Texas & N. O. Ry., Tex. Civ.App., 55 S.W.2d 637, Campbell v. Johnson, Tex.Civ.App., 284 S.W. 261, 263, [4-6] affirmed in Tex.Com.App., 290 S.W. 526.

Appellee further ably argues that its witness Ricks furnished the necessary proof that its car was not materially enhanced or decreased in value by the process of repairing; but the undisputed evidence —indeed, his own admission—shows that Mr. Ricks had not seen the car for two months prior to the time of the collision, hence was in no position to competently testify that the repairs had merely restored it (and no more nor less) to its former condition immediately before the accident. Furthermore, it otherwise appeared, without controversy, that throughout this two months' period, during which Mr. Ricks had not seen it, this car was being driven by others, and used a great deal. Wherefore,

there is no substantial proof in this record of just what the damage done to it was, other than that of the cost of the repairs thereto, and that these were reasonable charges for such work; under the cited authorities supra, that was an insufficient basis to predicate the recovery allowed upon. It follows that the judgment should be reversed.

On a re-trial, the form of quoted issue No. 27 should be so recast as to clearly elicit findings upon whether or not the reasonable cost of the repairs—at or in the vicinity of Houston—had merely restored the car to its market value immediately before the collision, or had increased or diminished it, and if either, by how much.

Reversed and remanded.