**KNOPS v. ORDORICA et al.**

No. 12298.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 19, 1951.

Ewers, Cox, Port & Toothaker, McAllen, for appellant.

Wood & Guild, Harlingen, for appellees.

POPE, Justice.

This is a common law negligence suit in which the appellee Mary Herrera Ordorica, joined by her husband, Augustin Ordorica, sought and recovered damages to an automobile resulting from a collision with appellant's vehicle. The case was tried before the court without a jury. Appellant here urges that the court erred in rendering judgment because (1) appellee's petition failed to allege the appellant's residence, (2) the proof failed to show the condition of the car prior to the accident, thereby rendering an appraisement of damages uncertain, (3) the appellee failed to prove ownership of the vehicle, since it was registered in the name of her brother, and (4) the court failed to find appellee guilty of contributory negligence. We find no merit in any of these points.

■■ Appellant's answer to appellee's petition contained an exception calling to the court's attention the absence of an allegation of appellee's residence. The court reserved a ruling on the exception, whereupon appellee announced ready for trial subject to such ruling. Appellant appeared in person and defended at the trial, and at the conclusion of the trial the court entered judgment against the appellant for the sum of $404.86. This judgment effectually overruled the special exception. Cases hold that no default judgment may be entered where the pleadings omit the allegation of defendant's residence. Spinnler v. Armstrong, Tex.Civ.App., 63 S.W.2d 1071; Walden v. Locke, Tex.Civ.App., 33 S.W.2d 475; Tyler v. Blanton, 34 Tex.Civ.App., 78 S.W. 564. But this is not an instance of default judgment. Appellant answered, appeared in person and by attorney, defended the charge of negligence and participated in the trial at every stage. This constituted a general appearance and rendered inconsequential any defect in the appellee's failure to plead appellant's residence. Houston & T. C. R. Co. v. Walker, 107 Tex. 241, 173 S.W. 208, 177 S.W. 954; Anderson v. Service Life Ins. Co. of Omaha, Tex.Civ.App., 221 S.W.2d 398; Evans v. McNeill, Tex.Civ.App., 41 S.W.2d 268, 269; American Nat. Ins. Co. v. United

States Fidelity & Guaranty Co., Tex.Civ. App., 24 S.W.2d 474; Bailey v. Hembree, Tex.Civ.App., 285 S.W. 858; 4 Tex.Jur., Appearance, § 11; 6 C.J.S., Appearances, § 12k.

██ The amount awarded appellee as damages represented the cost of repairs necessary to restore the damaged vehicle to its condition prior to the accident. Pasadena State Bank v. Isaac, Tex.Sup., 228 S.W.2d 127. Appellant makes the point that appellee failed to show the prior condition of the vehicle sufficiently near the time of the accident. The proof was that twenty days before the accident the vehicle had been repaired in a garage. The manager of that garage stated that he then saw the vehicle after making the repairs and that it was in good condition. He stated that after the accident he again saw the vehicle and that he personally prepared the work sheet reflecting the repairs which were necessary as a result of the collision, and that the cost of these repairs amounted to $428.-36, which was reasonable. Appellee, herself, testified that on the morning of the accident the car was undamaged, and that during the intervening days between the time it was first repaired and the time of the accident, she had driven the car a few times between Edinburg and McAllen, which, from the testimony, was a total distance of not more than one hundred and forty miles. We think this proof is sufficient to overcome the holding in the case of Yellow Cab & Transfer Corporation v. Warren Co., Tex.Civ.App., 148 S.W.2d 209, wherein the proof was that two months had intervened between the prior inspection, during which time the car had been used a great deal. The condition of the vehicle prior to the accident was sufficiently proved. Leyendecker v. Harlow, Tex. Civ.App., 189 S.W.2d 706; Milby Auto Company v. Kendrick, Tex.Civ.App., 8 S.W.2d 743; 17 Tex.Jur. 113, 174.

██ Appellant challenges appellee's proof of ownership of the damaged vehicle because the certificate of title was issued in the name of her brother. Appellee, when she bought the car, was a minor and was then unmarried. She and her brother both testified that she was the owner of the vehicle. Her brother stated that he had paid nothing on the vehicle, but that appellee had made all the payments. The owner of the notes against the car testified that appellee was the true owner rather than her brother whose notes he held. Every possible claimant and all persons connected with the vehicle admitted appellee's ownership, but appellant urges that the Certificate of Title Act, Vernon's Ann. P.C. art. 1436–1, is inexorable in its command that the record owner is the only true owner. It is the settled law that the administrative presumption of ownership by the record owner vanishes when positive evidence to the contrary is introduced. Pioneer Mut. Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202; Id., Tex. Civ.App., 178 S.W.2d 121; Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W. 2d 763.

██ Appellant's final point is that the court reached an erroneous conclusion from the evidence in failing to convict appellee of contributory negligence. It is reasoned that the driver of the vehicle in which appellee was traveling was an unlicensed driver, from which fact negligence is imputable to appellee. The legal consequences flowing from an accident involving an unlicensed driver have also been settled by the Supreme Court. Though an owner may negligently entrust his vehicle to an unlicensed driver, it must further be additionally proved that the driver operated the vehicle " (* * * in a manner that was negligent regardless of the lack of a driver's license) and that such negligence was a proximate cause of the collision." Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 591; Spratling v. Butler, Tex.Sup., 240 S.W.2d 1016. The trial court has, by its judgment, found against appellant's theory that the driver was skylarking and irresponsibly driving along the highway. We are not called upon to substitute our estimate of the facts when the trier of the facts has ample support in the testimony, as in the instant case.

The judgment is affirmed.