The INSURANCE COMPANY OF TEXAS, Appellant,

v.

George C. STRATTON et al., Appellees.

No. 3313.

Court of Civil Appeals of Texas.

Waco.

Jan. 26, 1956.

Rehearing Denied Feb. 16, 1956.

Gullett & Gullett, Denison, J. Alex Blakeley, Dallas, for appellant.

Joe G. Rollins, Sherman, for appellees.

HALE, Justice.

Appellees brought this action on a policy of insurance covering a 1952 model Chevrolet automobile insured by appellant. The declarations on the first page of the policy recited in substance, among other things, that the name of the insured was Mrs. Dora Ella Nassoy; that the policy period was for two years from the date the policy was issued; that the coverages therein provided were for damage to the described automobile resulting from fire, theft, windstorm and collision or upset; that the insured automobile was encumbered in the amount of $1,462.24, such indebtedness being payable in twenty-four monthly installments of $60.94 each; that any loss under the coverages provided for should be payable as interest may appear to the named insured and State National Bank of Denison, Texas; and that "except with respect to bailment lease, conditional sale, mortgage or other encumbrance the named insured is the sole owner of the automobile." The concluding paragraph on the last page of the policy contained the following recitation: "By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

Appellees sought damages under the collision coverage provided by the policy. Appellant defended against the suit upon the ground that Mrs. Nassoy, the named insured, was not the sole owner of the automobile and by reason thereof it was not liable to appellees. The case was submitted to the court below upon a written stipulation of facts and resulted in judgment of $1,340 for appellees, that being the agreed amount of damages recoverable, if any. The agreed facts show that appellant is liable to appellees for the recovery sought unless the named insured was not the sole owner of the automobile and unless that condition constituted a valid defense to the suit under the terms of the policy.

It appears from the stipulation of the parties that on January 9, 1954, George C. Stratton, an automobile dealer in Denison,

sold and assigned to Mrs. Nassoy the 1952 model Chevrolet automobile, as evidenced by proper certificate of title. The consideration for the sale was $250 cash and the execution by Mrs. Nassoy of her promissory note payable to the order of George C. Stratton in the sum of $1,462.24, the payment of the note being secured by a chattel mortgage executed by Mrs. Nassoy on the automobile. Stratton sold and assigned the note and chattel mortgage to the State National Bank of Denison. As a part of the transaction by which the purchase of the automobile was being financed, appellant's authorized agent executed and delivered on the same day, January 9, 1954, the policy of insurance here sued upon.

It also appears from the agreed facts that Jimmy Lee Nassoy is the son of Mrs. Nassoy and her husband, Lewis J. Nassoy. At the time of the transaction above referred to, Jimmy Lee was a minor, 17 years of age, and the disabilities of his minority had not been removed and have not been removed since that time. He had been working since he was 12 years of age and for a long time prior to the transaction above referred to and at all times subsequent thereto he earned an average weekly wage of $65 per week. The cash payment of $250 on the purchase price of the insured automobile and all subsequent monthly payments on the note held by State National Bank of Denison were made with the wages he had earned. At the time when the automobile was purchased from Stratton it was delivered to Jimmy Lee, but the title to the automobile was placed in Mrs. Nassoy because Jimmy Lee was a minor. On the date of the collision out of which this suit arose, and for several years prior thereto, a material portion of the support of Mrs. Nassoy and her husband, who was bedridden and not gainfully employed, had come from the earnings of Jimmy Lee, the latter being self-supporting at all times pertinent to this suit.

Appellant charges a higher premium rate for collision coverage of an automobile to be driven by a minor than it charges for an automobile to be driven by an adult. Such additional premium in the total sum of $163 was charged and paid in the instant case. The insured automobile was being driven by Jimmy Lee on February 5, 1954, when the collision occurred out of which this suit arose. Appellant's authorized agent, who executed and delivered the policy sued upon and collected the premium therefor, was cognizant of the facts covered in the foregoing stipulation of the parties.

As we understand appellant's brief, it contends in substance that the stipulation of facts shows Jimmy Lee Nassoy was the owner of the automobile in controversy because the money paid on the purchase price of the car came from wages earned by him; that the wages earned by Jimmy Lee belonged to him and not to his parents because, even though the disabilities of his minority had not been removed, he had been emancipated by implication; and that, since the automobile belonged to Jimmy Lee Nassoy, and not to his parents, the representation of Mrs. Nassoy to the effect that she was the sole owner of the automobile constituted a valid defense to the suit under the terms of the policy. We cannot agree with these contentions.

There was no recitation in the stipulation of facts to the effect that Jimmy Lee Nassoy was the owner of the automobile in controversy or that his mother, the named insured in the policy, was not the sole owner thereof. The fact that the title to the car was transferred by Stratton to Mrs. Nassoy in compliance with the requirements of art. 1436–1 of Vernon's Ann. P.C., known as the Certificate of Title Act, gave rise to a presumption that Mrs. Nassoy, and not her son, was the true owner of the car. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763; Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202; Knops v. Ordorica, Tex.Civ.App., 242 S.W.2d 454. While we recognize that the administrative presumption of ownership arising from such transfer of title was not conclusive on the issue of ownership, and that such presumption would vanish if positive evidence to the contrary was introduced, we

do not think the agreed facts in this case were necessarily inconsistent with such presumption.

■ It has long been the settled law of this State that the earnings of an unemancipated minor, as well as any property that might be purchased with proceeds derived from such earnings, belong to and become a part of the community property of the father and mother of such minor. Schuster v. Bauman Jewelry Co., Tex., 15 S.W. 259; Goldstein v. Cockrell, Tex.Civ. App., 66 S.W. 878, error refused; Harper v. Utsey, Tex.Civ.App., 97 S.W. 508; Stark v. Slack, Tex.Civ.App., 247 S.W. 352. The evidentiary facts covered in the stipulation of the parties might have been sufficient to raise the ultimate issue as to whether Jimmy Lee Nassoy had or had not been emancipated, but there was no express agreement between the parties on that ultimate issue and we cannot say that the agreed facts showed conclusively, as a matter of law, that he had been emancipated. 67 C.J.S., Parent and Child, § 91, p. 817; Weimhold v. Hyde, Tex.Civ.App., 294 S.W. 899; Smith v. Rickerts, Tex.Civ.App., 38 S.W.2d 644.

■ Furthermore, even though the representation of Mrs. Nassoy to the effect that she was the sole owner of the car was not literally true in the limited sense that the car was the community property of herself and her husband, that fact would not constitute a valid defense against appellant's liability under the terms of the policy sued upon. This court held in the case of Mercury Fire Ins. Co. v. Dunaway, Tex.Civ.App., 74 S.W.2d 418, error refused that either spouse may take out a policy of insurance in his or her name alone covering the community property of both without violation of the unconditional and sole ownership clause contained in the policy. There is no indication in the stipulation of facts before us that appellant was in any wise misled or deceived to its injury or detriment by any act or omission on the part of any party to this transaction. On the contrary, it was agreed in the stipulation of the parties that appellant's author-

ized agent was cognizant of the facts covered in the stipulation and we fail to see how appellant could have relied upon any misrepresentation, if any, which might have been made by Mrs. Nassoy with respect to the ownership or use of the insured car.

Accordingly, each of appellant's points of error is overruled and the judgment of the court below is affirmed.